[No. 20,061.  In Bank.—February 2, 1885.]

THE PEOPLE, PETITIONER, *v.* W. B. TREADWELL, RESPONDENT.

ATTORNEY—DISBARMENT FOR CONVICTION OF A CRIMINAL OFFENSE—PROCEED-
INGS PENDING APPEAL.—An appeal from a judgment of a justice's court convicting an attorney at law of embezzlement, operates as a suspension of the judgment, and proceedings taken for the disbarment of the attorney, based upon such judgment, and instituted pending the appeal, are prema-
ture and should be dismissed.

APPLICATION for the disbarment of an attorney at law.

The facts are stated in the opinion of the court.

*Attorney General Marshall,* and *G. E. Harpham,* for Peti-
tioner.

*A. C. Adams,* and *W. C Belcher,* for Respondent.

MORRISON, C. J.—This is a proceeding for the removal of an attorney of this court, brought under section 288, C. C. P., which provides as follows:   "In case of the conviction of an attorney or counselor of a felony or misdemeanor involving moral turpi-
tude, the clerk of the court in which such conviction is had shall within thirty days thereafter transmit to the Supreme Court a certified copy of the record of conviction."   By the following section of the same code, it is provided that the proceedings to remove or suspend an attorney and counselor, who has been con-
victed of a felony or misdemeanor, must be taken by the court on the receipt of a certified copy of the record of conviction. In such proceeding to remove or suspend, the code makes the record of conviction conclusive evidence.

In this case the defendant was convicted of the crime of embezzlement before J. J. Bruton, a justice of the peace of Lake county, State of California, on the 23d day of December, 1884, and the application for the removal of the defendant is based upon a certified copy of the docket of said justice of the peace. On the filing of such certified copy of the proceedings in the case with the clerk of this court, an order was duly made, requiring the defendant to show cause, at a time and place therein mentioned, why he should not be removed from his office as an attorney of this court; and in answer to the order to show cause, he shows to this court that he appealed from the judgment of conviction entered against him in said justice's court to the Superior Court of the county of Lake, on the 23d day of December, 1884, which appeal is still pending in said Superior Court, undecided and undetermined. The appeal was properly taken under section 1466 of the Penal Code, and was pending-at the time the present proceeding to remove the defendant was instituted in this court.

It has been frequently held by this court, that an appeal from a judgment of the former district court to the Supreme Court operated as a suspension of the judgment of the lower court for all purposes (*Knowles* v. *Inches*, 12 Cal. 213 ; *Woodbury* v. *Bowman*, 13 Cal. 635 ; *People* v. *Frisbie*, 26 Cal. 135); and by parity of reasoning, we must hold that an appeal from the judgment of a justice's court to the Superior Court has the same operation and effect. There is, therefore, no judgment of the justice's court which is now capable of being carried into effect, and it is quite within the range of possibilities that the judgment entered against the defendant and now standing on the justice's docket may be reversed in the higher court.

In our opinion there is not such a final conviction against the defendant as the law contemplates to justify his removal, and we think the proceeding to that end has been prematurely commenced.

The order to show cause is discharged.

SHARPSTEIN, J., ROSS, J., McKEE, J., and MYRICK, J., concurred.