[No. 18121.   Department Two.—March 14, 1894.]

J. T. DAVIS, APPELLANT, v. G. W. McNEAR ET AL., RESPONDENTS.

SALE OF WHEAT IN WAREHOUSE—BAILMENT—CONFLICTING EVIDENCE.—
Where the owners of a warehouse stored wheat of others, and also con-
ducted the business of buying and selling wheat, a verdict in favor of a
*bona fide* purchaser of wheat from the warehouseman will not be disturbed
where the evidence is conflicting as to whether the wheat had been
merely stored with them, by the plaintiff, or had been sold by him to
the warehousemen.

EVIDENCE—IMPEACHMENT OF WITNESS—CONVICTION OF PERJURY—RE-
VERSAL OF JUDGMENT—REFUSAL OF INSTRUCTION.—Where a witness
on cross-examination testified that he had once been tried and found
guilty of perjury, before a jury, and it was subsequently proven that
the conviction was reversed upon appeal, and the charge was thereafter
dismissed, the refusal of the court to give an instruction that "a judg-
ment of conviction which has been reversed is a mere nullity, and has
no vitality for any purpose," is not good ground for granting a new
trial, though such instruction might well have been given.

ID.—PRESUMPTION—INTELLIGENCE OF JURY—ABSENCE OF ERRONEOUS IN-
STRUCTION.—Jurors may be assumed to have ordinary intelligence and
good sense; and neglect to instruct them on a commonplace matter is
not ground for reversal, when no erroneous instruction has been given.

APPEAL from an order of the Superior Court of Stan-
islaus County denying a motion for a new trial.

The facts are stated in the opinion of the court.

*P. J. Hazen*, for Appellant.

*Reinstein & Eisner*, for Respondent.

McFARLAND, J.—This action was brought by E. C.
Vancil against the defendants, McNear, and E. W.

Pierce and L. H. Day, to recover the value of certain wheat alleged to have been the property of Vancil and to have been wrongfully converted by said defendants. A certain corporation, called the Farmers' Co-operative Union, was also made a defendant; but as to it the action was dismissed. The jury found a verdict in favor of plaintiff for two thousand four hundred and sixty-four dollars and forty-eight cents, against Pierce and Day; but they found in favor of defendant, McNear. Plaintiff appeals from an order denying a motion for a new trial.

There is a good deal of testimony in the record, and it appears in a disjointed way, so that it is rather hard to follow. Witnesses were frequently recalled; the testimony of one witness was frequently interrupted by the interjection into it of the testimony of another; and the evidence of each party was introduced at several different times during the trial. Respondents have filed no points or brief, and therefore give us no aid in examining the tangled mass. But upon examination of the record we see no reason for granting a new trial.

Defendants Pierce and Day owned a warehouse in which they stored wheat of others, and also conducted the business of buying and selling wheat. Defendant McNear bought of them certain wheat, and paid them for it; and it is clear that the purchase of the wheat by McNear was a *bona fide* transaction on his part, and done under his belief that the wheat so purchased was owned by Pierce and Day. It was contended, however, by plaintiff, that this wheat purchased by McNear was the identical wheat raised on certain ranches of plaintiff, called the Oswalt and Clark ranches, and that it was merely stored with Pierce and Day, and not sold to them. On the other hand it was contended by defendants that this wheat was sold by plaintiff to Pierce and Day, and that the latter had full title to it when they sold it to McNear; and the main question of fact in the case was whether the wheat had been sold to Pierce and Day by plaintiff. And upon this point there was ample

evidence to warrant the jury in finding that Pierce and Day were the owners of the wheat. Indeed, it was proved beyond controversy that plaintiff made a written sale of the wheat to Pierce and Day, and received a large part of the purchase money, although he contends that he afterwards canceled the sale, for certain reasons, after a large part of it had been delivered. But, as to this matter, as well as to all matters concerning said sale, there was, to say the least, a material conflict of evidence. Therefore, plaintiff's contention that the evidence was not sufficient to sustain the verdict cannot be maintained.

There are a number of exceptions to rulings on the admissibility of evidence; but we see no errors committed by the court in such rulings, and deem it unnecessary to notice them in detail.

A great many instructions were given the jury at the request of both parties, and a few asked by plaintiff were refused. We think that the instructions given presented the case very fairly and fully to the jury, and that no material error was committed by the court on that score. It would be useless to review them all here. One of them perhaps calls for special notice. It appears in the record, in a narrative way, that when J. T. Davis, a witness for plaintiff, was on the stand, he, without any objection from plaintiff, made, on cross-examination, this statement: "I was tried once for perjury in this court and found guilty before a jury." It does not appear whether the statement was made voluntarily or in answer to the question if he had ever been convicted of a felony. No objection was made at the time by plaintiff, and no effort was then made to explain the said statement made by the witness. But at a subsequent stage of the trial plaintiff introduced the deputy county clerk, and proved by him a minute order of the court, which was read to the jury, and showed that on the first trial of Davis for perjury the jury disagreed; that on a second trial the jury returned a verdict of guilty; that the case was appealed, and the appellate court reversed

the judgment, and ordered a new trial; and that then, upon a statement of the district attorney "that the interests of justice would be subserved by a dismissal of said action," the court ordered the action dismissed and the said Davis discharged.   Plaintiff asked the court to give this instruction: "A judgment of conviction which has been reversed is a mere nullity, and has no vitality for any purpose"; and said instruction is marked in the record "refused."   This instruction might well have been given, and, considering the multitude of instructions asked, may have been inadvertently marked refused.   But we do not think its refusal is a good ground for granting a new trial.   Jurors may be assumed to have ordinary intelligence and good sense; and neglect to instruct them on every commonplace matter is not a ground for reversal when no erroneous instruction on the subject has been given.

The order is affirmed.

DE HAVEN, J., and FITZGERALD, J., concurred.

Hearing in Bank denied.