In re KIRBY.

(District Court, D. South Dakota. January 19, 1898.)

1. ATTORNEYS—DISBARMENT—CONVICTION OF INFAMOUS OFFENSE.
   A court will disbar an attorney convicted of an offense involving moral turpitude, and to which congress has attached an infamous punishment, though it is not a felony.

2. SAME—EFFECT OF WRIT OF ERROR.
   The suing out of a writ of error to review a judgment of a federal court convicting an attorney of an offense, and the granting of a supersedeas thereon, do not vacate the judgment, so as to prevent its being ground for the defendant's disbarment.

Proceeding for the disbarment of Joe Kirby.

S. B. Van Buskirk, for petitioners.

Joe Kirby, in pro. per.

CARLAND, District Judge. On January 7, 1898, J. D. Elliott, United States attorney for this district, filed in this court his sworn petition, wherein it is charged that Joe Kirby, an attorney of this court, was at the April, 1897, term of said court duly convicted upon an indictment charging said Joe Kirby with having received and had in his possession and control, with intent to convert the same to his own use, certain postage stamps of the United States, he (the said Kirby) knowing the same to have been theretofore feloniously stolen and carried away from a certain post office of the United States; that on June 25, 1897, being a day of said April term, said Joe Kirby was duly sentenced upon said conviction to a term of two years in the penitentiary of South Dakota. Said petition prayed the judgment of this court in the premises, and that said Joe Kirby be disbarred and removed from his office as an attorney of this court. Upon the filing of said petition, said Joe Kirby was cited to appear before this court on the 17th day of January, 1898, and show cause why the prayer of the petition should not be granted. On the return day respondent appeared in his own behalf, and S. B. Van Buskirk, assistant United States attorney, in support of the petition.

Respondent first objected to the jurisdiction of the court on the ground that the matter charged against him could not be heard except at a special or general term of this court, and then filed an answer denying generally the allegations of the petition, except as said allegations might be admitted by other matters set forth in the answer. The answer then set forth that a writ of error had been sued out of the supreme court of the United States to reverse the judgment of conviction set forth in the petition, and that a supersedeas had been granted pending the decision of said supreme court, which writ of error was still pending and undetermined. A certified copy of the proceedings of this court in the case of the United States against Joe Kirby was introduced in evidence in support of the petition, from which it appears that the allegations of the petition are true. This court will take judicial notice, upon its attention being called thereto, of the issuance of the writ of error and the granting of a supersedeas. No other evidence was introduced on either side.

Respondent contends that the petition should be dismissed for the following reasons: (1) The court has no jurisdiction, for the reasons stated in the opening of the case in regard to the terms of court. (2) The offense of which respondent was convicted is not a felony. (3) The suing out of a writ of error and the granting of a supersedeas have rendered the judgment of conviction inoperative for any purpose, pending the hearing on said writ.

There is no force in the first point, as the record of the court shows that the regular October, 1897, term of this court had been regularly adjourned from time to time until the date of the hearing herein mentioned.

In considering the second point, it may be well to consider briefly the power of this court over its attorneys after it has once admitted them to practice before it. In Ex parte Wall, 107 U. S. 273, 2 Sup. Ct. 575, the supreme court said:

"It is laid down in all the books in which the subject is treated that a court has power to exercise a summary jurisdiction over its attorneys to compel them to act honestly towards their clients, and to punish them by fine and imprisonment for misconduct and contempts, and in gross cases of misconduct to strike their names from the roll. If regularly convicted of a felony, an attorney will be struck off the roll as of course, whatever the felony may be, because he is rendered infamous. If convicted of a misdemeanor, which imports fraud or dishonesty, the same course will be taken."

There is no statutory definition of felonies in the legislation of the United States. Reagan v. U. S., 157 U. S. 303, 15 Sup. Ct. 610. The supreme court has held, however, in Ex parte Wilson, 114 U. S. 417, 5 Sup. Ct. 935, and in Mackin v. U. S., 117 U. S. 350, 6 Sup. Ct. 777, that a crime which may be punished by imprisonment, with or without hard labor, in a state prison or penitentiary, is an infamous crime. It seems that the crime of receiving stolen property, knowing the same to have been stolen, was not a felony at common law. Neither has it been made such by any legislation of congress; and the supreme court, in the case of Bannon v. U. S., 156 U. S. 464, 15 Sup. Ct. 469, said:

"Neither does it necessarily follow that, because the punishment affixed to an offense is infamous, the offense itself is thereby raised to the grade of felony."

But it is immaterial, for the purpose of this proceeding, whether the offense of which the respondent was convicted is a felony or not; for it makes little difference whether a man is rendered infamous by the mere fact of his committing a felony, or whether he is rendered so by the commission of a misdemeanor to which congress, in direct terms, has attached an infamous punishment, for the reason that the punishment has always determined whether the crime of which a person was convicted was infamous or not. There has been no attempt to argue that the crime of which respondent was convicted did not involve moral turpitude.

In regard to the third point, it is claimed that, as a writ of error had been sued out and a supersedeas granted, the judgment of conviction has no force whatever, and cannot be used as evidence of any fact adjudicated by it. In support of this contention numerous cases are cited, defining the status of judgments rendered in different state

courts which operated as a supersedeas. The principal case relied on is that of People v. Treadwell, 5 Pac. 686, wherein the supreme court of California, in a proceeding to disbar an attorney, held that under the statutes of that state an appeal duly perfected suspended the operation of the judgment for all purposes. But it must be remembered that the judgment of conviction, to establish which a certified copy of the record was introduced on this hearing, was rendered in a district court of the United States, and that the writ of error sued out was the common-law writ; hence, decisions of state courts, based upon state statutes, are not authority. It is necessary, then, to inquire as to what effect the common-law writ of error has upon the judgment to reverse which it was sued out. And in discussing this point I shall assume that the writ of error in the case of Joe Kirby versus The United States was properly sued out of a court having jurisdiction to review errors of law in that proceeding; for, since the act of January 30, 1897, the circuit court of appeals of the Eighth circuit would generally exercise the only appellate jurisdiction over the judgment rendered against the defendant. "An appeal is a process of civil-law origin, and removes a cause entirely, subjecting the fact as well as the law to a review and a retrial. A writ of error is a process of common-law origin, and it removes nothing for re-examination but the law." 2 Story, Const. § 1762. In the case of Sharon v. Hill, 26 Fed. 345, Judge Deady used the following language:

"There is some confusion and contradiction in the language and ruling of the authorities on this point, but this arises largely from the fact that the difference in the original mode and effect of reviewing a judgment in an action at law, and the decree of the court proceeding according to the civil law as a court of chancery or admiralty, is often latterly overlooked. A judgment in an action at law could only be reversed and annulled for error appearing on its face. For this purpose a writ of error issued out of the court above to bring up the record for examination. This was considered a new action to annul and set aside the judgment of the court below, and if the writ was seasonably sued out, and bail put into the action, it was a supersedeas, so far as to prevent an execution from issuing on a judgment pending the writ of error, but left it otherwise in full force between the parties, either as a ground of action, a bar, or an estoppel."

See, also, 2 Bac. Abr. 87.

In Railway Co. v. Twombly, 100 U. S. 81, the supreme court says:

"A writ of error to this court does not vacate the judgment below. That continues in force until reversed, which is only done when errors are found in the record on which it rests, and which were committed previous to its rendition."

It will thus be seen that the suing out of the writ of error in no wise affected the judgment of conviction against the respondent. The granting of the supersedeas simply stayed the execution of the judgment until the writ of error could be heard. A proper respect for the public, the legal profession, and this court renders it imperative that the respondent should be disbarred as an attorney of this court; and it is so ordered.