[S. F. No. 1837.   Department One.—February 4, 1901.]

CHARLES CARPY, Respondent, v. JAMES DOWDELL et al., Appellants.

CHATTEL MORTGAGE—SALE UNDER FORECLOSURE—EFFECT OF REVERSAL UPON APPEAL—PROCEEDS OF SALE—PAYMENT—SECOND FORECLOSURE. Where property covered by a chattel mortgage was sold for want of a stay bond pending an appeal from the decree of foreclosure, the reversal of the decree had the effect to place the litigation where it was prior to the decree, and the foundation upon which the order of sale and all proceedings thereunder were based was taken away; and the proceeds of the sale, in the hands of the plaintiff, are the property of the defendant, and cannot constitute payment of the notes secured by the mortgage, nor constitute a bar to another foreclosure decree upon the new trial.

ID.—EVIDENCE UPON NEW TRIAL—PROOF OF EXECUTION SALE—HARMLESS REJECTION OF EVIDENCE.—Where, upon the new trial, after reversal of the decree of foreclosure, the defendant, for the purpose of establishing an allegation of payment by the sale under execution, offered in evidence the execution and proceedings had thereunder, the rejection of such evidence is harmless if it was substantially proved that the property was sold under execution pending the appeal from the decree, and that the proceeds were received by the plaintiff.

ID.—EVIDENCE AS TO PROPERTY NOT INCLUDED IN JUDGMENT.—Where certain property included in the mortgage was not included in the judgment of foreclosure, no error was committed in rejecting evidence bearing against the foreclosure of that property, where such evidence was immaterial as to the other property, and did not tend to prove any estoppel or novation as to the property included in the judgment.

APPEAL from an order of the Superior Court of Napa County denying a new trial.   E. D. Ham, Judge.

The facts are stated in the opinion of the court.

Rodgers & Paterson, and F. E. Johnston, for Appellants.

Bigelow & Titus, for Respondent.

GAROUTTE, J.—This is an appeal from an order denying defendant's motion for a new trial in cause No. 1670, this day decided upon appeal from the judgment.

While the original appeal (*Carpy v. Dowdell,* 115 Cal. 677) was pending in this court, defendants having given no stay bond, a portion of the personal property mortgaged was sold under foreclosure proceedings. The judgment upon that appeal was subsequently reversed and the cause remanded for a second trial. Thereupon, defendants filed a supplemental answer, setting out that the notes and mortgages forming the subject matter of the litigation had been fully paid, satisfied, and discharged. At the present trial in the superior court, for the purpose of establishing this allegation of payment, defendants offered in evidence the execution and proceedings had thereunder pending the first appeal. This evidence was rejected, but evidence was received which proved substantially the same facts, and for that reason no error amounting to prejudice was committed by the trial court, even conceding the ruling erroneous, which proposition we do not decide. It is not disputed but that the sale took place pending the appeal, and that the proceeds of the sale, to the amount of the judgment, were paid over to the plaintiff. But the contention of plaintiff is that those acts did not in law amount to payment of the notes. With that contention we agree, and the court so found the fact and the law. The sale under foreclosure, subsequently followed by a payment of the proceeds thereof over to the plaintiff, may indicate that he has a large amount of money belonging to defendants; but it falls short of proving payment of the notes involved in this litigation. There is no pretense that defendants in any way consented to this sale, but, on the contrary, one of them testified that they did not consent. The judgment upon which the sale was based was reversed and set aside by this court. The foundation upon which the order of sale and all the proceedings had thereunder rested was taken away. By the reversal of judgment the litigation took the form it had prior to its entry, and the notes stood unpaid. Thereafter, the parties stood in the same position as if no judgment had ever been rendered. Counsel for appellants cite no authority which holds that the acts here considered amount to a payment of the notes. Upon the other hand, there is both authority and principle looking to the contrary. (2 Freeman on Judgments, sec. 482.)

The property which may be designated as the Chevalier wine was not included in the judgment of foreclosure. Hence, in view of the law as declared in this cause upon appeal from the judgment, no error was committed by the trial court in rejecting the evidence bearing upon that transaction, for this evidence of Chevalier and others was not material upon the question of estoppel other than as to the Chevalier wine. Neither did it tend to establish a novation.

For the foregoing reasons the order appealed from is affirmed.

Harrison, J., and Van Dyke, J., concurred.

Hearing in Bank denied.