[Crim. No. 2302. In Bank.—April 16, 1920.]

## In the Matter of C. VINCENT RICCARDI.

[1] ATTORNEY AT LAW — CONVICTION OF FELONY INVOLVING MORAL TURPITUDE—APPEAL FROM JUDGMENT—STAY OF DISBARMENT PROCEEDINGS.—An attorney at law who has been convicted of a felony involving moral turpitude and who has taken an appeal from the judgment of conviction is not subject to disbarment upon the record of conviction under subdivision 1 of section 287 and sections 288 and 289 of the Code of Civil Procedure until the judgment has become final, since the word "conviction" as used in such code provision means a conviction that has become final, and not the mere plea or verdict of guilty.

1. Conviction of attorney for crime as condition precedent to disbarment therefor, note, 8 Ann. Cas. 847.

[2] ID.—DISBARMENT UPON CONVICTION OF FELONY—SEPARATE AND IN
DEPENDENT PROCEEDING.—The ̇ disbarment of an attorney at law
under these code provisions upon the record of his conviction of a
felony involving moral turpitude is not an incident of such conviction or a part of the penalty prescribed by the law for the
offense of which he was convicted, but is an entirely separate and
independent thing which is not in the slightest degree affected
by a setting aside or reversal of the judgment of conviction.

[3] ID.—NATURE OF JUDGMENT—PERMANENT DISBARMENT.—In view of
the express provision of section 299 of the Code of Civil Procedure,
the judgment which must be pronounced in a disbarment proceeding based upon the record of a conviction of a felony involving moral turpitude is of permanent disbarment and the court
has no discretion to pronounce a judgment of mere suspension.

PROCEEDING for disbarment of an attorney at law.
Action deferred pending appeal.

The facts are stated in the opinion of the court.

Jeremiah F. Sullivan for Petitioner.

ANGELLOTTI, C. J.—The disbarment of the attorney
is sought in this matter upon production of a certified copy
of the record of conviction of the attorney in the superior
court of the city and county of San Francisco of a felony
involving moral turpitude. (Code Civ. Proc., secs. 287–289.)
It is conceded in the learned and exhaustive brief filed by
the president of the San Francisco Bar Association that an
appeal from such judgment of conviction is pending in the
district court of appeal of the first appellate district. The
judgment of conviction, therefore, has not become final.
We have, then, precisely the case presented in *People* v.
*Treadwell*, 66 Cal. 400, [5 Pac. 686], decided February 2,
1885. It was there squarely held that during the pendency
of an appeal "there is not such a final conviction against
the defendant as the law contemplates to justify his removal" merely upon "record of conviction," and that the
proceeding there inaugurated had therefore been prematurely commenced. There has been no change in our statutes which is material in so far as this question is concerned,
the law to-day being substantially as it was when this decision was rendered. The decision was unqualifiedly ap-

proved by the court in bank in *McKannay* v. *Horton*, 151 Cal. 711, 720, 721, [121 Am. St. Rep. 146, 13 L. R. A. (N. S.) 661, 91 Pac. 598]. By these decisions a construction was given to the statutes relative to this matter that we do not feel warranted in disturbing, whatever our views might be were the question a new one. For over thirty-five years this construction has been accepted by the legislature and by the people of the state as giving to the statutes the meaning intended in their enactment. To now adopt a different construction would savor of the enactment of legislation by this court. [1] We are satisfied that under the circumstances the decisions should be followed, and that if a change in our law in this respect is deemed desirable that appeal therefor should be made to the law-making power and not to the courts. We are not to be understood as intimating that we are of the opinion that these decisions are erroneous. It cannot fairly be said that they are obviously wrong, or that a sound public policy *suddenly* requires a different construction at the hands of this court, if indeed that is a matter pertinent to the discussion. Much is said as to the meaning of the word "conviction," as used in various other sections of our statutes, with a view of showing that "as ordinarily used" with relation to criminal proceedings "in our constitutional and statutory provisions" it means the entry of the verdict of "guilty" or the plea of "guilty." This was stated in the concurring opinion in *McKannay* v. *Horton, supra,* the statement being accompanied, in the very same sentence, by the words "and I can see no warrant for concluding that it was used in any other sense in the charter provision under discussion." The connection in which a word is used often sufficiently shows that it was used in a sense varying from that in which it is ordinarily used, and the effect of the decisions referred to is that it was used in these particular sections providing for the absolute disbarment of an attorney upon the record of his conviction of a felony or misdemeanor involving moral turpitude as meaning a conviction that has become final. Speaking of the Treadwell case in *McKannay* v. *Horton, supra,* the court, speaking through Chief Justice Beatty, said: "The court held, and properly held, that the proceeding under section 288 of the Code of Civil Procedure could not be instituted until the judgment became final,"

and also: "The decision in Treadwell's case was clearly right." While a plausible argument may be made in support of giving a different meaning to the word "conviction," as used in these sections, there are good reasons in support of the construction already given by the court which, considering the procedure established by the statute and the effect of the judgment summarily given by the disbarring court upon the record of conviction in a superior court or before a justice of the peace, is certainly more in accord with the ordinary conception of fair play and the proper protection of the rights of individuals. [2] In the proceeding for disbarment based upon the record of conviction, the judgment which must be pronounced is one of absolute and final disbarment. This disbarment is not an "incident" of the conviction of felony or misdemeanor in the sense that such conviction *ipso facto* removes the attorney from his office, or is a part of the penalty prescribed by the law for the offense of which he was convicted. It is a separate and independent thing (see *McKannay* v. *Horton, supra*), and is not in the slightest degree affected by a setting aside or reversal of the judgment of conviction of felony or misdemeanor. So that unless a conviction *that has become final* was meant, notwithstanding that the judgment is reversed on appeal for substantial reasons, as, for instance, that evidence of guilt of any offense is absolutely wanting, or that the defendant has not been accorded a fair trial on the merits in the lower court, the judgment of disbarment *based solely on the record of conviction* still remains, and the attorney can be restored to his office as an attorney and counselor only in the event that the court that has disbarred him *sees fit to grant his application for restoration, something it is certainly not compelled to do solely because of the reversal or setting aside of the judgment of conviction.* It will not do, in reply to this, to say that this court would have the *power* to restore and *ought to restore* in such a case, *if it cannot be compelled to restore.* Unless the attorney has the absolute enforceable right to be restored as a consequence of the setting aside or reversal of the judgment of conviction—in other words, unless the restoration *ipso facto* follows the setting aside or reversal of the judgment of conviction—he is dependent on the exercise in his favor of the *discretion* of this court,

which may or may not be in his favor as he is looked upon as a fit or unfit person to practice law, entirely regardless of the matter of the conviction. Nor will it do to say that the rule that where a judgment is based on a previous judgment, and the previous judgment is reversed or set aside, the second judgment must be set aside, applies here. If the term "conviction" means not the final judgment of conviction, but simply the rendition of a verdict of guilty or a plea of guilty, as is the whole contention of those who insist that *People* v. *Treadwell, supra,* was wrongly decided, the attorney is disbarred solely because of the *rendition* of the verdict or the *plea* of guilty, 'and those facts— viz., such *rendition* of verdict or *plea*—remain and constitute the basis of disbarment, whatever be the ultimate result in the case. There seems to us to be no answer to the proposition that the judgment of final disbarment would continue in force, notwithstanding the setting aside or reversal of the judgment pronounced on the conviction of felony or misdemeanor. It is unreasonable to assume that the legislature intended to provide for obtaining this *absolute and final disbarment* of an attorney, thus permanently depriving him of a valuable property right, solely upon a conviction that *is not final,* and which in due course of review is subsequently declared invalid, in the absence of some provision for restoration as matter of course upon the conviction being set aside. The statute makes *"the record* of conviction" the basis of disbarment and conclusive evidence thereon. These words in this connection imply something other than the mere verdict of a jury which may be vacated either by the trial court or on appeal, as entirely without support in the evidence. Under our settled practice of many years they are considered as referring to the judgment pronounced by the trial court upon a conviction, and likewise, under our decisions, the statute is accepted as contemplating a judgment that has become final. To our minds this is not an unreasonable construction of our statute on the subject, and no good reason appears for overruling the decision by which it was established and has been maintained for over thirty-five years.

It has further been suggested that by reason of the language of sections 287 and 289 of the Code of Civil Procedure, "remove or suspend," the court may, upon the

certified record of conviction, suspend the convicted attorney, instead of finally disbarring him. This claim has never been made before, and is not now made in the brief filed by the bar association. It has always been understood that conviction of an attorney of a felony or misdemeanor involving moral turpitude, made disbarment incumbent, without any discretion in this court to give *other* judgment. [3] And this, we think, must be so, in view of section 299 of the Code of Civil Procedure, which prescribes exactly the judgment to be given in such a case, viz., "that the name of the party shall be stricken from the roll of attorneys and counselors of the court, and that he be precluded from practicing as such attorney or counselor in all the courts of this state," while in other cases the judgment "may be according to the gravity of the offense charged; deprivation of the right to practice . . . permanently, or for a limited period." We do not see how the legislature could have more clearly expressed its determination that the only penalty in such a case is permanent disbarment. And certainly it would not be a wise rule that would invest the court with discretionary power in a matter where the sole evidence upon which it acts is a certified copy of a record of conviction. But we think the matter is definitely settled by section 299 of the Code of Civil Procedure. Of course, this matter goes only to the correctness of the argument we have made in support of the ruling in the Treadwell case, for whatever the penalty that may be imposed that case holds that the proceeding therefor on the record of conviction may not be had until the judgment has become final.

It may freely be conceded that it would be advisable to provide for the suspension of an attorney as to whom a judgment on conviction of felony or misdemeanor involving moral turpitude has been given, pending appeal or other review of such judgment. Of course, that is a question solely for the legislative department of the state, and the matter can easily be accomplished by appropriate amendment of the statute. All that is suggested as to the necessity of safeguarding the public, as well as the profession itself, so far as is practicable, against the admission or retention as members of the profession of unfit persons is something upon which there can be no difference of opinion, and probably it would assist to some extent in the endeavor to attain this ideal if

the law was so framed as to exclude an attorney from practice pending review of a judgment of his conviction pronounced in a superior court or by a justice of the peace. But we do not think that it would be just or proper to change the law in such a way as to require absolute and final disbarment upon a showing of judgment of conviction of a felony or misdemeanor in a trial court, notwithstanding the pendency of an appeal, unless at the same time provision is made for the restoration of the attorney as matter of course in the event of a reversal or vacating of such judgment.

It is ordered that action upon the certified copy of the judgment presented be deferred pending the determination of the appeal of the attorney from such judgment.

Shaw, J., Wilbur, J., and Kerrigan, J., *pro tem.*, concurred.

OLNEY, J., Dissenting.—I dissent. The main opinion is based primarily upon the fact that the question involved is determined by *People* v. *Treadwell*, 66 Cal. 400, [5 Pac. 686]. It also takes the position that that decision is not clearly wrong, advancing certain reasons in justification for it. It concludes that no good reason appears for overruling the decision. I can but take issue with the main opinion on all three of these points.

In the first place, the decision in the Treadwell case is, it seems to me, directly opposed to a number of other decisions of this court upon the identical point involved, the meaning of the word "conviction," and that it is therefore not determinative now. In the second place, there is in my opinion no reasonable doubt but that the Treadwell case is wrong. In the third place, I can see no doubt but that the rule it declares and the main opinion affirms is opposed to sound public policy so that good reason does appear for overruling it. In addition, the rule it declares is not one under which rights have been acquired. Its overruling can have no other effect than that of now establishing definitely what, it seems to me, is plainly the right rule.

In regard to the first point. The final question is as to the meaning of the word "conviction" as used in section 287 of the Code of Civil Procedure, which provides that an

attorney shall be disbarred upon his "conviction of a felony or misdemeanor involving moral turpitude." The Treadwell case holds, in effect, that conviction does not mean the finding of a man guilty, but means the sentence which follows and is the final result and judgment which ensues upon the finding of guilt. Now, it is true that the Treadwell case is the only decision of this court upon the meaning of the word as used in this particular section. But there is nothing whatever to indicate that as so used the word is used in any sense other than that in which it is repeatedly used in other sections of our code. The word as used in our statutes has been construed a number of times subsequent to the Treadwell case, and each time directly contrary to the ruling in that case.

Thus in *Ex parte Brown,* 68 Cal. 176, [8 Pac. 829], the defendant in a criminal action, who had been found guilty by the verdict of a jury, but upon whom judgment had not been pronounced, applied to be released on bail as a matter of right. He had this right unless section 1272 of the Penal Code provided differently. That section reads *"After conviction* of an offense not punishable with death, a defendant who has appealed may be admitted to bail: '

"1. As a matter of right, when the appeal is from a judgment imposing a fine only." The defendant claimed that not having been sentenced he had not been convicted and did not come within the operation of the section. But, although the section is one very evidently intended to govern the matter of bail pending an appeal and an appeal cannot be taken until after sentence, so that the court might perhaps have been justified in concluding that conviction, as here used, meant the judgment from which an appeal could be taken, the court held upon a detailed discussion of the question that conviction meant the finding of guilt and not the appealable sentence or judgment.

Similarly in *People* v. *Ward,* 134 Cal. 301, [66 Pac. 372], a witness under examination was asked if he had ever been convicted of a felony. It appeared that he had been found guilty of a felony but not sentenced. Section 2051 of the Code of Civil Procedure provides that by way of impeachment it may be shown of a witness "that he had been convicted of a felony." It was objected that the witness had not been convicted within the meaning of the section since

he had not been sentenced. Again the court considered the
matter at some length and again it decided that conviction
meant the finding of guilt and not the sentence or judg-
ment.

In *McKannay* v. *Horton*, 151 Cal. 711, [121 Am. St. Rep.
146, 13 L. R. A. (N. S.) 661, 91 Pac. 598], a city charter pro-
vided that an office became vacant "when the incumbent . . . is
. . . convicted of a felony." A similar provision was made
by the Political Code (sec. 996). The mayor of the city had
been found guilty of a felony, had been sentenced and had
taken an appeal, and the question was presented as to
whether or not he had been convicted within the meaning
of the charter and the code so that his office had become
vacant, although an appeal was pending. In other words,
the question is identical with the one presented here. But
again it was held that conviction meant the finding of
guilt, and not a final judgment, and that the office was
vacant, although the appeal was pending. The main opinion
in *McKannay* v. *Horton* attempted to distinguish the Tread-
well case, but the fact of the matter is that the conclusion
reached by it is directly opposed to that of the Treadwell
case. The concurring opinion in *McKannay* v. *Horton*, writ-
ten by Justice Angellotti and concurred in by Justices Sloss
and Shaw, makes no attempt to distinguish the Treadwell
case and sums the whole matter up thus: "One is 'convicted'
of a crime when a verdict of guilty has been so given and
entered against him, or when a plea of guilty has been given
and entered. This is the well-settled meaning of the term as
ordinarily used in our constitutional and statutory pro-
visions. . . . "

These decisions are subsequent to the Treadwell case and are
to my mind wholly irreconcilable with it. In view of them
I do not see how it is possible to say with reason that the
Treadwell case must be taken as a final and determining
authority in the present case. It does seem to me that its
authority has been taken from it.

Second, in regard to the merits of the Treadwell case
itself. It is admitted in the main opinion here, at least
impliedly, that "conviction" in the ordinary sense means
conviction of guilt, not the sentence or judgment which
ensues upon such conviction. In any case there can be no
doubt but that such is the ordinary meaning of the word.

It is an elementary rule of statutory construction that a word shall have its ordinary meaning unless there is something to show that it was used in a different sense. The Treadwell case puts a meaning on the word ''conviction'' different from its ordinary meaning. What, then, are the reasons given for this? According to the main opinion they are two: First, that the connection in which a word is used often shows that it is used in a sense other than its ordinary one, the implication, not plainly stated, being that in this case the connection in which the word ''conviction'' is used shows that it was not used in its ordinary sense; and, second, that if a lawyer were convicted and disbarred for that reason pending an appeal and the conviction should be reversed, his disbarment would nevertheless stand, and that this would be most unjust.

In regard to the first reason, it is, of course, true that frequently the connection in which a word is used shows that it was not used in its ordinary sense. But the implication that the connection in which the word ''conviction'' in the code section as to disbarment is used shows that it was used in other than its ordinary sense is not justified. There is nothing whatever in the code section to indicate that the word was not used in its ordinary sense. The material portion of the section reads simply:

''Section 287. An attorney and counselor may be removed or suspended by the supreme court, or any department thereof, or by any district court of appeal, or by any superior court of the state, for either of the following causes, arising after his admission to practice:

''1. His conviction of a felony or misdemeanor involving moral turpitude, in which case the record of conviction shall be conclusive evidence.''

What is there in this language which indicates in any way that ''conviction'' means something else than conviction in its ordinary sense?

In this connection I would add that the word ''conviction'' is used time and again in the codes, and so far as I am aware always in its ordinary sense of the establishment of guilt by the verdict of a jury or a plea of guilty. In fact, it is so defined by section 689 of the Penal Code. In a great many of the code sections the distinction between ''conviction'' and the judgment or sentence which follows upon

it is plainly made.   (Pen. Code, secs. 1097, 1103, 1104, 1108, 1110, 1111, 1157, 1161, 1162, 1192a, 1193, 1197, 1203, 1207, 1217, 1218 and 1227.)   The same use of the word is found in our constitution.   (Art. I, sec. 20.)

As to the second reason given in justification of the Tread-well case, that the disbarment would stand, even though the conviction were reversed on appeal, and that this would be most unjust, the answer is that the disbarment would not stand in such a case.   In the first place, this court has full power to reinstate an attorney once disbarred.   It is a power that has been exercised even in the case of an attorney whose conviction of a felony was final.   It seems incredible that the court, having the power of reinstatement, would not use it as of course in any case where it appeared that the conviction upon which the disbarment was based had been set aside.

In the second place, it is the rule that wherever a judicial order or judgment is based upon a previous judicial order, judgment, or act, and such previous order, judgment, or act is reversed on appeal or set aside, the subsequent order or judgment based upon it must be set aside as of course.   The party affected is entitled to this as a matter of right and it cannot be refused.   The most common illustrations of this are where the subsequent order is in the same proceeding as the previous order or act, as where a foreclosure sale is had on a decree which is appealed from but whose execution is not stayed.   If the decree is reversed, the sale fails as of course.   (*Carpy* v. *Dowdell,* 131 Cal. 499, [63 Pac. 780]; *Cowdery* v. *London etc. Bank,* 139 Cal. 298, [96 Am. St. Rep. 115, 73 Pac. 196]; *Turner* v. *Markham,* 156 Cal. 68, [103 Pac. 319].)   But the rule is not limited to orders or acts in the same proceeding.   Thus, where a money judgment is obtained against a person, and he appeals but does not stay execution, and pending the appeal an action is brought against him upon the judgment and a second judgment obtained, and then the first judgment is reversed on appeal, the judgment debtor is entitled to have the second judgment set aside as of course and of right.   (*Heckling* v. *Allen,* 15 Fed. 196; *Banning* v. *Taylor,* 24 Pa. St. 297; *Aetna Ins. Co.* v. *Aldrich,* 38 Wis. 107; *Mann* v. *Aetna Ins. Co.,* 38 Wis. 114.   See, also, *Ward* v. *Marshall,* 96 Cal. 155, [31 Am. St. Rep. 198, 30 Pac. 1113].)

There is no reason why this general principle would not be applicable to the case of an order of disbarment based and founded on a conviction subsequently set aside. On the contrary, such a case comes directly within the principle and there is every reason why it should apply. The main opinion attempts to take the case without the operation of the principle by two lines of argument. In the first place, it is said: "This disbarment is not an 'incident' of the conviction of a felony or misdemeanor in the sense that such conviction *ipso facto* removes the attorney from his office or is part of the penalty prescribed by the law for the offense of which he is convicted. It is a separate and independent thing and not in the slightest degree affected by a setting aside or reversal of the judgment of conviction of felony or misdemeanor." Every word of this argument except the final conclusion that the disbarment would not be affected by the setting aside of the conviction, is applicable to the case of a second judgment based upon a first which has been set aside and yet the final conclusion, thoroughly well established, is just the opposite. The second judgment is not an incident of the first in the sense that it *ipso facto* follows upon it. It is a separate and independent thing. And yet it is not true that "it is not in the slightest degree affected by a setting aside or reversal of the judgment" upon which it is based. The rule is just the contrary.

In the second place, the main opinion says: "Nor will it do to say that the rule that where a judgment is based on a previous judgment, and the previous judgment is reversed or set aside, the second judgment must be set aside, applies here. If the term 'conviction' means not the final judgment of conviction, but simply the rendition of a verdict of guilty or plea of guilty, as is the whole contention of those who insist that *People* v. *Treadwell* was wrongly decided, the attorney is disbarred solely because of the *rendition* of the verdict or the *plea* of guilty, and those facts,— viz.: such *rendition* of verdict or *plea*—remain and constitute the basis of disbarment, whatever be the ultimate result in the case." [The italics are those of the main opinion.]

The whole point of this is that when an attorney has been convicted by the rendition of a verdict or plea of guilty, he remains "convicted," although the verdict or the plea—

that is, the conviction—is subsequently set aside. But he does not so remain. The rule is elementary that when a conviction or other legal determination is set aside it is as if it had never occurred. In the eyes of the law, it does not exist. We are dealing here not with a "conviction" as a mere historical happening, but as a matter of legal consequences and effects, and so far as legal consequences and effects are concerned a conviction set aside is no conviction. The matter may be tested in a very simple way. It is held in *People* v. *Ward, supra,* that a conviction which has not become final is yet a ground for the impeachment of a witness. But assume that a witness is on the stand who has once been convicted but whose conviction has been set aside. Is there any doubt that he would not be open to impeachment by a showing of such conviction? At any rate, this court has so held. (*Davis* v. *McNear,* 101 Cal. 606, [36 Pac. 105].)

Now, as to the third point advanced by the main opinion, viz., that no good reason appears for overruling the Treadwell case. In the first place, the Treadwell case is, in my judgment, plainly wrong. This is certainly some reason for overruling it, particularly as it is not a decision under which any rights have been acquired so that its overruling would work any injustice. But very much more important than this, the rule of the Treadwell case is opposed to sound policy, and its affirmance and perpetuation is harmful and it should be done away with. An attorney who has been actually convicted in the criminal courts of a crime involving moral turpitude should not be permitted to exercise the high privileges of his profession as long as that conviction stands against him unreversed. There is no relation in life outside the family which is more confidential in its nature than that of an attorney. There is no one in whom more implicit confidence must of necessity be placed. There is no profession in which the strictest probity is more necessary. There is no profession of which it is more true that the only safeguard possible to the public against imposition and wrong-dealing is the character of those pursuing it. The fact that a member of the profession has been actually convicted of a crime involving moral turpitude should alone be sufficient to disqualify him from pursuing his profession while such conviction stands. To permit him, nevertheless,

to continue to hold himself out as a worthy member of the profession and to invite the public to intrust him with their confidences and their affairs while he pursues an appeal, and not unlikely a dilatory one, is to break down the standard of professional character which is the public's chief safeguard. It was to prevent just this very thing that in my judgment the legislature provided that a lawyer should be disbarred upon "conviction," without a word to indicate that it was not the conviction alone which was sufficient. I cannot subscribe to the statement of the main opinion that sound public policy does not require that this construction be put upon the statute so that a lawyer convicted of crime shall not be permitted to practice while his conviction stands. I do not mean by this, of course, that a man disbarred because of crime should be forever barred from the practice of the law. No matter how clear his guilt may have been or how just his conviction, it is fitting and right that he have the opportunity to demonstrate by his after-life and conduct that he is again a worthy member of society and merits the respect and confidence of his fellowmen. When the time comes that he does demonstrate this, then he should be readmitted to practice, not grudgingly, but gladly. But this is not the present case. Here the question is, Shall a lawyer convicted of crime be permitted to practice while the conviction stands but he pursues an appeal? On this question I can see but one true answer, and that is that to permit him to do so is opposed to strong reasons of sound public policy.

In view of the reasons I have stated, I can see no reason for not overruling the Treadwell case as wrongly decided and adopting a different rule. To do so would not be to legislate as the main opinion intimates. If this were so a court could never reverse a former ruling. But there is no rule, so far as I am aware, that a court may not correct an error into which it has fallen, and the right, and, indeed, the duty, of the court in a plain case to do this cannot be questioned.

Lawlor, J., concurred.

LENNON, J., Dissenting.—I dissent from the reasoning and conclusion of the prevailing opinion. Section 287 of the

Code of Civil Procedure provides that "an attorney and counselor may be removed or *suspended* by the supreme court" upon his conviction of a felony involving moral turpitude, and section 289 of the same code provides "the proceedings to remove or suspend an attorney . . . " because of such conviction following the receipt by this court of a certified copy of the record of conviction. This court has said that "section 287 of the Code of Civil Procedure *authorizes* the *suspension* or removal of an attorney for various causes, including 'his conviction of a felony or misdemeanor involving moral turpitude.' . . . " (*Matter of Danford*, 157 Cal. 425, [108 Pac. 322].) Section 299 of the Code of Civil Procedure, relating to the judgment to be imposed "upon conviction, in cases arising under the first subdivision of section 287," cannot be made, as the prevailing court opinion purports to do, the sole measure of this court's power in the premises without ignoring, as does the prevailing opinion, save for a casual reference thereto, the provisions of sections 287 and 289. To hold that section 299 is exclusively controlling of the power of the court is to say that the law giveth and in the same breath the law taketh away. The code sections first referred to cannot, it seems to me, be ignored without doing violence to a cardinal canon of statutory construction which requires that the legislative intent, when ascertained, must govern, and that, in the ascertaining of such intent, all of the various provisions of legislative enactment upon the particular subject should be construed together and given effect as a whole. I am constrained, therefore, to say, partly in the language of *In re Kirby*, 84 Fed. 606, 608, that "a proper respect for the public, the legal profession and this court renders it imperative" that an attorney convicted of a felony should not be permitted thereafter to pursue the profession of an attorney and counselor even while an appeal is pending from such conviction. I am also of the opinion, however, that if the appeal results in a reversal of the conviction of the attorney, the attorney thus convicted should be restored instanter to his privileges as an attorney and counselor, for, obviously, it would be a grievous injustice to deprive him of his status as an attorney because he had been convicted in a trial court under circumstances which

CLXXXII Cal.—44

made it necessary for an appellate court to reverse the conviction.

It is not to be said that the record may show that the attorney is guilty, for, in that event, if the law allows it, he should be proceeded against, not upon the fact that he has been convicted, but upon the fact that he has been guilty of the conduct involved in the crime with which he was charged. I do not think his reinstatement upon a reversal of the conviction should depend upon the discretion of a court or judge. It should, in my opinion, occur automatically and of right.

If, therefore, this court had no power merely to suspend, but was limited to the power to disbar, I should concur in an order of disbarment only in the event that it contained a condition for its automatic revocation in the event the judgment was reversed on appeal. In view of the code provisions which, to my mind, so plainly permit suspension, it would not be necessary to enter an order of disbarment. No good reason appears to me why this court should not adopt the practice of suspending attorneys immediately upon their conviction and of disbarring them when the conviction becomes final. The suspension, of course, should be during the pendency of the appeal only, and come to an end with the termination of the appeal, at which time there should be an order of disbarment upon affirmation, or an order revoking the suspension upon reversal of the conviction of the attorney. I feel that this court might very properly disregard anything to the contrary of the foregoing which may be found in *People* v. *Treadwell*, 66 Cal. 400, [5 Pac. 686], and *McKannay* v. *Horton*, 151 Cal. 711, 720, [121 Am. St. Rep. 146, 13 L. R. A. (N. S.) 661, 91 Pac. 598], as it cannot be said that rights have grown up under these decisions which should be protected under the doctrine of *stare decisis*.

Rehearing denied.

Lawlor, J., Lennon, J., and Olney, J., dissented from order denying a rehearing.