[Civ. No. 11225.   Second Appellate District, Division Two.—February 3, 1937.]

THE FIRST–TRUST JOINT STOCK LAND BANK OF CHICAGO, Respondent, v. ALICE R. MEREDITH, Appellant.

William M. Hiatt and John M. Hiatt for Appellant.

Freston & Files and Ralph E. Lewis for Respondent.

CRAIL, P. J.—Plaintiff brought suit in the county of Los Angeles to collect moneys claimed to be due under the provisions of a promissory note secured by a mortgage on land in Iowa. Defendant filed an answer setting up a special defense. Plaintiff moved for judgment on the pleadings. This motion was granted and judgment rendered against the defendant. Defendant appealed from said judgment but gave no stay bond. Pending the appeal, plaintiff, under an execution issued on said judgment, caused the sheriff of Tulare County to sell certain real property belonging to defendant. Plaintiff purchased said property at the sheriff's sale, and credited on the judgment the amount of the sale price less costs. Thereafter, the Supreme Court reversed the judgment and remanded the case for trial. (*First-Trust etc. Bank* v. *Meredith,* 5 Cal. (2d) 214 [53 Pac. (2d) 958].) When the matter again came before the trial court, defendant moved the court for an order changing the place of trial from the county of Los Angeles to the county of Tulare. This motion was denied, and defendant appealed from said order. Thereafter and while the appeal was pending defendant moved in the trial court to have the sale vacated on the ground that the judgment under which the sale had been made was now reversed. At the hearing plaintiff filed an affidavit, the substance of which was: (1) That defendant, subsequent to the filing of the abstract of said judgment, had executed quitclaim deeds to third parties, including her attorney, conveying her interest in the property; and (2) that the Supreme Court did not intend that said judgment be reversed unless defendant should prove victorious in the second trial. The motion was twice continued. In the meantime a trial of the action itself was had and the court rendered a second judgment for the plaintiff. Thereafter the motion to set aside the sale under the first judgment was denied. Defendant appealed from the second judgment and from said order. Thereafter the District Court of Appeal reversed the order denying a change of

place of trial. (*First-Trust etc. Bank* v. *Meredith,* 16 Cal. App. (2d) 504 [60 Pac. (2d) 1023].) The matters now before this court are defendant's appeals from the second judgment and the order denying her motion to set aside the execution and sale.

Plaintiff concedes that the second judgment should be reversed. (25 Cal. Jur. 918.) For this reason we shall not discuss the questions involved.

This leaves for our sole consideration the question: Should the order denying the motion to set aside the sale under the first judgment be reversed?

When a judgment is reversed it becomes, in so far as the parties to the action are concerned, the same as if it had never been rendered and the foundation of any proceeding which may have been had by way of execution thereunder is taken away. (*Cowdery* v. *London & San Francisco Bank,* 139 Cal. 298 [73 Pac. 196, 96 Am. St. Rep. 115] ; *Boggs* v. *North American Bond etc. Co.,* 6 Cal. (2d) 523 [58 Pac. (2d) 918] ; *Levy* v. *Drew,* 4 Cal. (2d) 456, at 459 [50 Pac. (2d) 435] ; *Carpy* v. *Dowdell,* 131 Cal. 499 [63 Pac. 780].)

In defense of the order the plaintiff contends that it is not an appealable one. Such an order is a "special order made after final judgment" and under the provisions of subdivision 2 of section 963 of the Code of Civil Procedure is appealable. (2 Cal. Jur. 152; *Reynolds* v. *Harris,* 14 Cal. 667, 668 [76 Am. Dec. 459].) In *Yndart* v. *Den,* 125 Cal. 85 [57 Pac. 761], the Supreme Court entertained an appeal from an order denying a motion to set aside an execution sale, and in *Hansen* v. *d'Artenay,* 13 Cal. App. (2d) 293 [57 Pac. (2d) 202], the District Court of Appeal entertained an appeal from an order denying restitution.

In defense of the order the plaintiff further contends that the order was within the discretion of the trial court to make or not to make, and no abuse of discretion appears. Without determining whether the order was a discretionary one, let us take up the matters upon which the plaintiff claims the trial court wisely exercised its discretion in denying the order. Plaintiff first contends that there was a second judgment against the defendant at the time the order was made and this was a sufficient justification for the order. The answer is that the second judgment has now been reversed and made a nullity. The plaintiff next contends in its own

language as follows: "Still considering the matter as one of discretion, it is obvious that the Judge in ruling upon the motion could reasonably have reached no conviction but that judgment for the plaintiff was inevitable and that the single defense was wholly untenable." Plaintiff itself renders this ground valueless by concluding its paragraph on the subject with the following phrase, "though the Supreme Court on the pleadings had thought otherwise". Finally the plaintiff contends that because of the affidavit, to the effect that the defendant had quitclaimed her interest to her counsel and others, she was no longer a party aggrieved. One obvious answer is that since the quitclaim was made after the plaintiff had forced the sale under execution and since the sale was made to her own counsel, the circumstances themselves indicate an equity in the property in favor of the defendant.

But regardless of such considerations it must be borne in mind that the motion for a change of venue to Tulare County should have been granted, and since the superior court of that county is the court to try the action, it is also the court to pass upon the defendant's motion to set aside the sale. So far as we know there is no provision in the law for transferring a cause to another county for trial and retaining it for other purposes in the county where the suit was first brought. To permit such a rule would tend toward confusion. The orderly and regular manner of procedure is to have execution issue on a valid judgment, if and when obtained, in accordance with the provisions of section 681 of the Code of Civil Procedure et seq. To be valid, the sale, if made to one of the parties to the litigation, must be had under a judgment which is valid, and there must be a new equity of redemption.

Both the judgment and the order are reversed.

Wood, J., and McComb, J., *pro tem.*, concurred.