[S. F. No. 3.   In Bank.—July 12, 1895.]

IN THE MATTER OF THE ESTATE OF THOMAS H. BLYTHE, DECEASED. ALICE EDITH BLYTHE, APPELLANT.

ESTATE OF DECEASED PERSON—DISTRIBUTION—DISMISSAL OF APPEAL—PARTY INTERESTED.—A woman, whose asserted claim as widow of a deceased person has been finally adjudicated adversely to her on appeal, in a proceeding under section 1664 of the Code of Civil Procedure, to determine heirship and the right of succession in the estate of said deceased, thereupon ceases to be a party interested in the estate, and cannot afterward maintain an appeal from a decree distributing the estate.

ID.—PROCEEDING TO DETERMINE HEIRSHIP—COSTS ON APPEAL.—An appeal by her from the decree of distribution, taken pending the final determination by the supreme court of her appeal from an order denying her a new trial in the proceeding to determine heirship, will be dismissed by the supreme court upon its affirmance of such order; and this result will follow, notwithstanding she might be entitled to recover costs upon a reversal of the decree of distribution.

MOTION to dismiss an appeal from a decree of the Superior Court of the City and County of San Francisco, distributing certain property of the estate of a deceased person. J. V. COFFEY, Judge.

The facts are stated in the opinion of the court.

*Henry E. Highton*, for Appellant.

*William H. H. Hart, Garber, Boalt & Bishop, T. I. Bergin, and W. W. Foote*, for Respondent, Florence Blythe Hinckley.

HENSHAW, J.—This is a motion to dismiss the appeal of Alice Edith Blythe, prosecuted from the order and decree of the court in probate distributing certain property of the estate of Thomas H. Blythe to Florence Blythe Hinckley.

The petition for distribution of Florence Blythe Hinckley was filed on the eighteenth day of June, 1894. Alice Edith Blythe appeared and opposed the petition by demurrer and answer, and then appealed from the decree which was rendered October 26, 1894. Notice of appeal was given upon November 3, 1894. The bill of exceptions was settled upon January 15, 1895, and upon February 25, 1895, appellant's transcript upon appeal was filed with the clerk of this court.

At the time of the filing of the petition the appeal of Alice Edith Blythe from the judgment made and given in the case, entitled "*Florence Blythe v. Abbie Ayres and others*," had been decided adversely to her contention upon April 24, 1894 (*Blythe v. Ayres*, 102 Cal, 254), but her appeal from the order denying her a new trial in the same matter was pending and undetermined. Upon January 2, 1895, the last-named order was affirmed upon appeal. (*Hinckley v. Ayres*, 105 Cal. 357.)

The action of *Florence Blythe v. Abbie Ayres et al.* was a proceeding under section 1664 of the Code of Civil Procedure, to determine heirship and the right of succession and distribution in the matter of the estate of Thomas H. Blythe. Alice Edith Blythe asserted her rights as the widow of the deceased. The findings and judgment of the court were against her claim of widowhood.

This judgment and the order refusing a new trial of

the issues having both been affirmed by this court, it is contended by respondent that appellant herein has ceased to be a party in interest or to stand in a position to be in any wise affected by the questions involved upon this appeal, and that, therefore, it should be dismissed.

The decision affirming the order denying the new trial was handed down after the commencement of the proceeding sought to be reviewed upon this appeal, but it will be considered by the court in deciding this motion. It is not only a matter of which we take judicial notice, being a part of the record proceedings in one and the same estate (*Hollenbach* v. *Schnabel*, 101 Cal. 312; 40 Am. St. Rep. 57), but it is formally brought to our attention by suggestion and proof under affidavit. (*First Nat. Bank* v. *Henderson*, 101 Cal. 309.)

The affirmance of this judgment and order leaves this appellant a stranger in interest to the proceedings upon distribution. The judgment declared the rights of all persons to the estate, and to whom distribution should be made. It having been finally determined that appellant here is not one of those interested in the distribution she cannot be beneficially or injuriously affected by any decree which the court might make in the matter. And, as was said by the supreme court of the United States: "The court is not empowered to decide moot questions or abstract propositions, or to declare for the government of future cases principles or rules of law which cannot affect the result as to the thing in issue in the case before it." (*California* v. *San Pablo etc. R. R. Co.*, 149 U. S. 308.)

It is the theory of the law that a litigant seeks the aid of a court, not to succeed in a claim, whether it be well or ill founded, but to have the court determine whether in truth he have any right at all, and, if so, then to define its scope and limit. The present situation of the parties to this appeal differs but in one respect, hereafter considered, from that which would have existed had the appellant, coming before the court, formally disclaimed and renounced all pretensions to heirship or succession

in the matter of the estate of Blythe. All interest in that estate, under such circumstances and so far as this matter is concerned, would have been vested in respondent, there would have been no adversary rights awaiting determination, and it cannot be doubted but that the appeal would no longer be entertained. (*Arnold* v. *Woolsey*, 54 Fed. Rep. 268.) But in principle it matters not whether the relinquishment of the claim be voluntary, as by purchase, abandonment, or compromise, or involuntary, as by final judicial decree. In both cases the interest of the appellant in the controversy has come definitively to an end, and the decision on the appeal cannot affect the result as to the thing in issue in the case before the court. The affirmance of the judgment and order has, as between these parties, terminated this controversy.

There is a marked distinction between the case thus presented and that of *Ricketson* v. *Compton*, 23 Cal. 649. In the latter case plaintiff (respondent) moved to dismiss the appeal of Compton, whom he had made a defendant, upon the ground, with others, that the appeal was frivolous and groundless. Such rights as Compton had in the matter in controversy were upon the appeal precisely as they had been upon the trial of the cause. To determine under these circumstances that the appeal was frivolous and groundless itself involved a consideration of the merits of the appeal. This court said, after setting forth the facts, that it was no proper ground to dismiss an appeal that it was sham and frivolous; and as to the contention that defendant was not interested in the controversy, if this were true he should not have been made a party, and it was plaintiff's fault that he was. Under such circumstances plaintiff could not hold a judgment against defendant and deny him the right to appeal from it.

So in *Foscalina* v. *Doyle*, 48 Cal. 151, upon a motion to dismiss an appeal as frivolous, the court simply decided that it would not examine the transcript and the merits of the appeal on such a motion; adding, *obiter*,

that, if it could and should do so, still it would not dismiss such an appeal " if well taken in point of procedure"—in other words, if it appear that appellant is still in the exercise of an existing right.

In one respect only, as above suggested, does the enforced relinquishment by judicial decree differ from the voluntary abjuration of a claim. That is in the matter of costs upon this appeal. Appellant contends that her right to costs following a successful appeal, even if her right is found to be no greater than this, gives her such a substantial interest in the controversy as must compel the retention and determination of the questions presented by her appeal. But to this we cannot accede. Were appellant, for example, to declare that she had surrendered her claim to respondent, and finally adjusted and disposed of the matter in controversy, saving that it had been agreed between them that the appeal should be pressed to a decision, solely to determine which of the two should bear the costs, it would present a case not different in principle from the present, and, the costs being incidental to the judgment, the appeal would be dismissed as no longer being a contest involving the determination of adversary rights. So here, while at the time appellant joined issue with respondent in the matter of distribution she had a standing by reason of the fact that there was then no final adjudication of her status as Blythe's widow, which status alone warranted her appearance in the proceeding, yet, upon the other hand, she was bound to know that her standing was uncertain, that it would be lost by an adverse determination of her then pending appeal, and that, being lost, the right to further prosecute her litigation in the matter of the estate would be at an end. With this knowledge she litigated in peril of the result, which, having been adverse, leaves upon her the burden of costs.

The motion to dismiss is granted.

GAROUTTE, J., TEMPLE, J., McFARLAND, J., and VAN FLEET, J., concurred.