[S. F. No. 4083. In Bank.—March 11, 1908.]

PETER OLSEN NELSON, Respondent, v. MARY E. N SON, Appellant.

Appeal—Dismissal after Settlement of Controversy—Costs
Appeal.—An appeal will be dismissed, if during its pendency matters in dispute in the action are settled by agreement betw the parties. The appellate court will not, after such settlement the controversy, retain and decide the questions involved on appeal solely for the purpose of incidentally determining who sh pay the costs on appeal.

APPEAL from a judgment of the Superior Court of Santa Clara County and from an order refusing a new trial. A. L. Rhodes, Judge.

The facts are stated in the opinion of the court.

J. R. Webb, and C. D. Wright, for Appellant.

William H. Johnson, for Respondent.

THE COURT.—This was an action to obtain a decree setting aside a conveyance of real property and a bill of sale of personal property executed by plaintiff to defendant. Plaintiff had judgment as to the conveyance of real property, and defendant appealed from such judgment and from an order denying her motion for a new trial. Upon the calling of the case upon the calendar for oral argument, it was made to appear to the court that since the judgment the parties have settled between themselves all the matters in dispute in said action. It follows that the appeal, being no longer a contest involving the determination of adversary rights, must be dismissed, unless, as suggested, we are required to retain and decide the questions presented upon the appeal solely for the purpose of incidentally determining who shall pay the costs on appeal. It is settled to the contrary in this state. In the *Estate of Blythe,* 108 Cal. 124, [41 Pac. 33], it was held that an appeal from a decree of distribution taken by Alice Edith Blythe pending a previous appeal by her from an order denying a new trial in a proceeding to determine heirship, must be dismissed upon the affirmance of the order denying a new trial, such affirmance being a final determination that she had no right in the estate, and no interest in the matter of distribution. The court said: "Appellant contends that her right to costs following a successful appeal, even if her right is found to be no greater than this, gives her such a substantial interest in the controversy as must compel the retention and determination of the questions presented by her appeal. But to this we cannot accede. Were appellant, for example, to declare that she had surrendered her claim to respondent, and finally adjusted and disposed of the matter in controversy, saving that it had been agreed be-

tween them that the appeal should be pressed to a decision, solely to determine which of the two should bear the costs, it would present a case not different in principle from the present, and, the costs being incidental to the judgment, the appeal would be dismissed as no longer being a contest involving the determination of adversary rights.''

The appeal is dismissed.