[L. A. No. 2212. In Bank.—July 6, 1909.]

W. D. TURNER, Respondent, v. H. H. MARKHAM, Appellant, and GEORGE H. COFFIN and AMERICAN BOY MINING COMPANY (a Corporation), Defendants.

PROCEEDINGS SUPPLEMENTARY TO EXECUTION—REVERSAL OF MAIN JUDGMENT—SETTING ASIDE UNEXECUTED ORDER.—Upon the reversal on appeal of the judgment upon which proceedings supplementary to execution are founded, it is the duty of the superior court to set aside an unexecuted order rendered in such proceedings directing the judgment debtor to pay to the judgment creditor certain moneys found to be in his hands. And this would be so, even if the order had been affirmed prior to the reversal of the main judgment.

ID.—DISMISSAL OF APPEAL FROM ORDER.—An appeal from such order will be dismissed, after the reversal of the main judgment, as any disposition thereof by the appellate court, either by affirmance or reversal, would be a matter of indifference to the parties.

ID.—WHEN APPEAL WILL BE DISMISSED—LIABILITY FOR COSTS.—The supreme court will not retain an appeal where its consideration and disposition upon the merits will not affect any substantial right of the parties, and the mere fact that liability for costs of appeal may be involved does not affect this conclusion.

APPEAL from an order of the Superior Court of Los Angeles County rendered in proceedings supplementary to execution. Curtis D. Wilbur, Judge.

The facts are stated in the opinion of the court.

Joseph R. Patton, for Appellant.

Porter, Sutton & Cruickshank, and Hunsaker & Britt, for Respondent.

SLOSS, J.—The plaintiff above named recovered a judgment in the superior court of Los Angeles County against H. H. Markham and George H. Coffin for $116,842.81 and costs. Thereafter he instituted in said court proceedings supplementary to execution and these proceedings culminated in an order requiring Markham to pay over to the judgment debtor the sum of forty-eight hundred dollars found by the court to be in his hands and under his control. From this order Markham appeals.

If the judgment recovered by the plaintiff were still subsisting we would be required to examine the points made by the appellant in order to determine whether the court below properly ordered him to make payment of the forty-eight hundred dollars. But since the present appeal was taken we have, in *Turner* v. *Markham*, 155 Cal. 562, [102 Pac. 562], reversed the judgment upon which the execution and the proceedings supplementary to execution were founded. The proceedings to enforce the judgment must fall with the judgment itself. Even if Markham had already complied with the order here appealed from he would, on reversal of the judgment, have been entitled to recover from the respondent the sum paid. (Code Civ. Proc., sec. 957; *Ward* v. *Sherman*, 155 Cal. 287, [100 Pac. 864].) The order being still unexecuted, it is the duty of the superior court upon reversal of the judgment to set it aside. And this would be so, even if the order had been affirmed prior to the reversal of the main judgment.

The disposition of this appeal is, therefore, a matter of indifference to the parties. An affirmance will neither benefit the respondent nor harm the appellant. A reversal will add nothing to the security of the appellant, who can obtain complete relief by a mere request to the court below to vacate the order appealed from. This court has often decided that it will not retain an appeal where its consideration and disposition upon the merits will not affect any substantial right of the parties. The mere fact that liability for costs of appeal

may be involved does not affect this conclusion. (*Estate of Blythe,* 108 Cal. 24, [41 Pac. 33] ; *Nelson* v. *Nelson,* 153 Cal. 204, [94 Pac. 880].)

The appeal is dismissed.

Shaw, J., Angellotti, J., Lorigan, J., Henshaw, J., and Melvin, J., concurred.