[Civ. No. 1197. Third Appellate District.—December 31, 1913.]

JOSEPH L. WILSON, Appellant, v. J. P. CHESLEY, Respondent.

APPEAL—TRANSFER BY BOTH PARTIES TO THIRD PERSONS OF PROPERTY IN LITIGATION—DISMISSAL OF APPEAL.—Where an appeal is taken from an order vacating a default judgment in an action of ejectment, and thereafter both of the parties transfer their respective interests in the property to a third person, the appeal will be dismissed.

ID.—COSTS—RETENTION OF APPEAL TO DETERMINE.—The court will not retain the appeal and decide alleged errors merely for the purpose of determining who is to pay, and who is entitled to receive, the costs on appeal, which are alone in issue. But as it appears from the record that the trial court abused its discretion in making the order from which the appeal is taken, the costs on appeal should be shared equally between the parties and not all placed on the appellant.

APPEAL from an order of the Superior Court of Butte County, setting aside a default judgment. H. D. Gregory, Judge.

The facts are stated in the opinion of the court.

J. R. King, and Carleton Gray, for Appellant.

E. J. Corkin, for Respondent.

HART, J.—This is a motion to dismiss the appeal taken in the above-entitled cause from an order setting aside the default of the defendant upon his failure to answer the complaint within the time prescribed by law, and vacating the judgment entered upon said default. The motion is supported by an affidavit filed by the defendant and recourse to "all of the proceedings and pleadings had in this action."

The action is in ejectment, and its purpose is to recover from the defendant the possession of certain real property, situated in Butte County, and for damages for the alleged unlawful withholding of such possession. The controversy grows out of a contract whereby the plaintiff agreed to sell

to the defendant and the latter agreed to purchase said property upon certain specified terms.

The affidavit of the defendant, which is not denied or controverted by the plaintiff, recites that ''soon after the appeal was taken, to wit, on or about the 15th day of August, 1913, one B. F. Johnson purchased from the said J. L. Wilson, all of his equity in said property and also purchased of this affiant all of his interest in said property, thereby merging the title and the said possession of said land in the said B. F. Johnson; that at the time the said B. F. Johnson purchased the two equities aforesaid, it was for the purpose of settling this action, as was stated to this affiant at that time, and the said Joseph L. Wilson did transfer to said B. F. Johnson all of his right, title, and interest in said land, together with any damages that he may have sustained, and the said B. F. Johnson, in purchasing the equity of this affiant, did make it a part of the consideration that this affiant would be released fully and forever from any damage or expense by reason of his withholding this property; that it was the affiant's information and belief that the settlement aforesaid would include each and any cause of action of the aforesaid action and ejectment or of this appeal, and that the said action and this appeal would be dismissed and forever satisfied; that when this affiant learned that the said appeal had not been dismissed, he asked J. R. King, one of the counsel for the plaintiff and appellant, why the action had not been dismissed, and the said J. R. King advised him that the reason the said appeal had not been dismissed was that the appellant desired that the appeal be heard so as to determine who would pay the costs of the appeal; that the only right to be adjudicated by a decision of this court would be the question of costs, as all other matters therein have been settled and the subject has long ceased to exist.''

From the uncontroverted verified facts contained in the foregoing affidavit, obviously no other conclusion is permissible than that the parties to this action have, since the taking of this appeal, relinquished and transferred absolutely to a third party their respective claims to any right, title, or interest which they may have had in and to the property which is the sole subject of this litigation; that the full and complete title to said property has thereby been vested and

merged in a single individual; that the parties to this action are no longer interested in the result of an adjudication of the controversy on this appeal, and that, indeed, by reason of the sale by both parties of their respective asserted interests in said property to one and the same party, in whom absolute title thereto has merged, there is remaining to be determined or decided by this court, no question, the decision of which could beneficially or injuriously affect either of the parties. In other words, there is no conclusion which this court could announce on the merits of the appeal which could have any effect, one way or the other, on the *status* of either of the parties to the action with respect to the subject matter thereof. As is said in the case of *In re Blythe,* 108 Cal. 124, 127, [41 Pac. 33], "in principle it matters not whether the relinquishment of the claim be voluntary, as by purchase, abandonment or compromise, or involuntary, as by final decree—in both cases the interest of the appellant in the controversy has come definitively to an end, and the decision on the appeal cannot affect the result as to the thing in issue before the court." And, as is said in *California* v. *San Pablo & Tulare R. R. Co.,* 149 U. S. 308, [37 L. Ed. 747, 13 Sup. Ct. Rep. 876] : "The court is not empowered to decide moot questions or abstract propositions, or to declare for the government of future cases, principles or rules of law which cannot affect the result as to the thing in issue in the case before it."

Nor will the court retain the appeal and decide alleged errors merely for the purpose of determining who shall pay, and who is entitled to receive, the costs on appeal which are alone in issue. (Hayne on New Trial and Appeal, p. 1066.) The appellant in this case, according to the respondent's affidavit, voluntarily surrendered his right to maintain this appeal by disposing of his interest in the thing in controversy and thus leaving no "contest involving the determination of adversary rights." (*In re Blythe,* 108 Cal. 124, [41 Pac. 33].) In that case, speaking on this identical question, the court says: "Appellant contends that her rights to costs following a successful appeal, even if her right is found to be no greater than this, gives her such a substantial interest in the controversy as must compel the retention and determination of the questions presented by her appeal. But to this we cannot accede. Were appellant, for example, to de-

clare that she had surrendered her claim to respondent, and finally adjusted and disposed of the matter in controversy, saying that it had been agreed between them that the appeal should be pressed to a decision solely to determine which of the two should bear the costs, it would present a case not different in principle from the present, and, the costs being incidental to the judgment, the appeal would be dismissed as no longer being a contest involving the determination of adversary rights.'' (See, also, *Nelson* v. *Nelson,* 153 Cal. 205, [94 Pac. 880] ; *Turner* v. *Markham,* 156 Cal. 68, 70, [103 Pac. 319].)

But, as to the costs on appeal, we think that, under the circumstances revealed here, the same should be borne and paid in an equal proportion by the appellant and respondent. It is true that, by disposing of his interest in the subject matter of the action or ''the thing in issue before the court'' while the appeal was yet pending, the appellant in practical effect abandoned the appeal; still, while not intending anything said here as the expression of a definitive opinion upon the merits of the appeal, which has not been submitted for decision, an examination of the record on appeal, which has been made a part of the record on this motion, has convinced us that there is merit in the appeal, by which we mean and do not hesitate to say that there is much apparent force in the contention of the appellant that the trial court, upon the record as it is presented here, abused its discretion in making the order from which the appeal is taken. We are, therefore, of the opinion that the appellant should not be required to bear the whole of the costs on appeal, but, as before suggested, that a division of that burden equally between both parties would be eminently just and equitable.

The appeal is dismissed, the appellant and respondent each to pay one-half of the costs on appeal.

Chipman, P. J., and Burnett, J., concurred.