[S. F. No. 7305.   Department One.—May 23, 1917.]

## CHARLES AYERS, Appellant, v. ANNA MARY ROSS et al., Respondents.

ESTATE OF DECEASED PERSON—APPEAL—AGREEMENT FOR DISTRIBUTION —ACCEPTING BENEFITS OF DECREE.—The plaintiff in an action to set aside an agreement between the beneficiaries under a will, providing for a distribution which differed from that made by the will, cannot maintain an appeal from an adverse judgment if he accepts and takes possession of property distributed to him in accordance with the agreement, which under the terms of the will would have gone to others of the beneficiaries.

APPEAL from a judgment of the Superior Court of Sonoma County.   Thomas C. Denny, Judge.

The facts are stated in the opinion of the court.

W. F. Cowan, for Appellant.

J. R. Leppo, and D. R. Gale, for Respondents.

SLOSS, J.—The essential facts of this appeal are stated in the opinion in *Estate of Ayers, ante,* p. 187, [165 Pac. 528]. Here the plaintiff brought a civil action to set aside the agreement between the four children of David Ayers for the division of the estate.   The grounds of attack are the same as those set up by him in the probate proceeding.   A demurrer to the complaint was sustained without leave to amend.   The record contains a document entitled "Judgment by the Court," and from this judgment the plaintiff appeals.   It may well be questioned whether the entry in question constitutes a judgment, or is merely an order sustaining the demurrer, and therefore not the subject of an appeal.   But passing this point, it appears that, since the taking of the appeal, the controversy has been decided against the appellant's claims by the granting of a decree of distribution in accordance with the terms of the agreement.   It further appears that the appellant has accepted the benefits of this distribution.   Upon these grounds respondents move to dismiss the appeal.

The decree of distribution having become final by our order dismissing the appeal therefrom, the matters there determined against this appellant are no longer open to question. He is not, therefore, in a position to question the correctness of the adjudication in favor of the validity of the agreement. (*In re Blythe,* 108 Cal. 124, 126, [41 Pac. 33].) Having accepted the benefits of that adjudication, he cannot appeal from the present judgment, which, like the decree of distribution itself, rests upon a basis which is inconsistent with the maintenance of the position asserted by the complaint.

The appeal is dismissed.

Shaw, J., and Lawlor, J., concurred.