[Civ. No. 5642. First Appellate District, Division One.—August 20, 1926.]

## E. SORENSEN, Respondent, v. C. H. CODDINGTON, Defendant; C. MARTIN, Appellant.

[1] APPEAL — MOOT QUESTION — DISMISSAL—COSTS.—Where, after the rendition of a judgment in an action and the sale of certain property upon execution, and after the lessee of said property has perfected an appeal from the order of the trial court denying his motion to set aside the execution sale, said sale is annulled by the trial court upon stipulation of the parties to the action and the purchasers, and said property, or a large portion of it, is returned to said appellant, and, therefore, the issues presented by his appeal have become moot, the appeal must be dismissed; and the matter of the payment of the costs of the appeal does not serve as legal grounds of objection to the dismissal of said appeal.

[2] EXECUTION SALE — MOTION TO SET ASIDE — JURISDICTION.—The denial of said lessee's motion to set aside the execution sale in the action to which he was not a party did not have the effect of depriving the defendant in said action, against whom the legal barriers confronting said lessee did not exist, from subsequently presenting a similar motion, nor of divesting the trial court of jurisdiction to _ entertain such motion nor to grant the same on stipulation, which was the real effect of its order annulling said sale.

(1) 3 C. J., p. 358, n. 84, p. 360, n. 89, 93, p. 365, n. 8; 4 C. J., p. 584, n. 62.    (2) 23 C. J., p. 692, n. 78 New.

MOTIONS to dismiss an appeal from an order of the Superior Court of Alameda County. T. W. Harris, Judge. Appeal dismissed.

The facts are stated in the opinion of the court.

John T. Wentz for Appellant.

Fitzgerald, Abbott & Beardsley and Edward D. Landels for Purchasers at Execution Sale.

Edward J. Smith for Respondent.

1. See 2 Cal. Jur. 749.

KNIGHT, J.—Three motions are presented herein for determination, each arising out of an appeal taken by C. Martin from an order denying his motion to set aside an execution sale of personal property which had been seized by the sheriff while in the possession of Martin as lessee thereof and sold to the firm of Feigenberg Bros. and one Bercovich, pursuant to a writ of execution issued in an action brought by E. Sorensen against C. H. Coddington, Martin's lessor. The purchasers at said sale and the plaintiff in the action now present separate motions for the dismissal of said appeal, and Martin has moved that said appeal be forthwith submitted for decision and that the order appealed from be reversed. All three motions are based upon the same ground, namely, that the issues involved in said appeal have become moot.

The essential facts are as follows: Sorensen commenced an action against Coddington to recover upon a promissory note and upon two assigned claims for the sale of merchandise. An attachment was issued and levied upon certain real property belonging to Coddington. Judgment by default was entered, grounded upon constructive service of summons, Coddington being at the time a nonresident of the state. Thereupon a writ of execution issued and was levied upon certain personal property belonging to Coddington, which at the time of the levy was in possession of and under lease to Martin. Feigenberg Bros. and Bercovich became the purchasers at the execution sale. Thereafter Martin commenced an action against the purchasers to recover the possession of said personal property or its value and damages for its detention, claiming that the judgment against Coddington and the subsequent proceedings taken under execution were void. Judgment in that action was entered on December 10, 1925, in favor of the defendants therein, and according to the averments in one of the affidavits on file herein was based upon the ground that Martin's conduct, which the court held amounted to a consent to such sale, estopped him from challenging the validity thereof. Martin appealed from said judgment, and that appeal is now pending hearing before the supreme court.

[1] After the rendition of said adverse judgment and the taking of an appeal therefrom, Martin, although not a party to the action of *Sorensen* v. *Coddington,* presented a

motion therein on January 29, 1926, to set aside said execution sale upon substantially the same grounds as were urged by him for relief in his action against the purchasers. The motion was denied, and on February 19, 1926, he took appeal from the order made therein, which appeal has been made the subject of the motions now under consideration. Subsequent to the taking of said appeal, Coddington, the defendant in the action, made a similar motion to set aside said execution sale, which motion was likewise denied. The attorneys for Feigenberg Bros. and Bercovich assert, according to the affidavits filed by them, that at the time Coddington's motion was made they believed it to be meritorious in point of law and that it would be granted; that accordingly they had agreed to return the property purchased at the sale; but, as above stated, said motion was on March 19, 1926, denied, and thereafter, to wit, on April 19, 1926, the attorneys representing respectively the plaintiff Sorensen, the defendant Coddington and the purchasers Feigenberg Bros. and Bercovich, in conformity with their asserted agreement, entered into a stipulation requesting the trial court to annul said execution sale and on May 3, 1926, obtained an order annulling the same. Martin's attorney was not requested to sign said stipulation, opposing counsel say, because he had participated with Coddington's attorney in the presentation of Coddington's motion, and therefore they believed he was fully cognizant of the agreement to annul the sale and of the intention to return the property. Following the filing of the order annulling said sale, said personal property, or a large portion of it, was returned to Martin.

As already mentioned, all parties to these proceedings agree that the issues presented by Martin's appeal have become moot as a result of the order annulling the sale and the restitution of the property, Martin's position in the matter being, as stated in the affidavit filed in support of his motion herein, "that the appeal in this case was and is taken for the express purpose of reversing the order of the Lower Court, denying the motion of appellant in the Lower Court to set aside said Execution sale, and that by reason of said Execution sale having been set aside by the Lower Court, by virtue of the stipulation and order hereinafter set out, since the perfection of this appeal herein, appellant has obtained

everything that he would obtain by being sustained by this court in his position on this appeal, except his costs thus far incurred and paid, approximately the sum of $133.00, and that therefore the questions for the determination of which this appeal was taken, have become moot . . . '' That being so, his appeal in our opinion must be dismissed, the rule governing in such cases being as follows: ''As appellate courts will not decide questions which are moot and which will not affect the rights of the parties, an appeal will be dismissed where all the questions involved in it have become moot and abstract or where, because of the happening of some event, a decision would be ineffectual and could serve no useful purpose'' (2 Cal. Jur., p. 749, citing cases); and the matter of the payment of the costs of the appeal does not serve as legal grounds or objection to the dismissal of the appeal under such circumstances, the supreme court in *Turner* v. *Markham*, 156 Cal. 68 [103 Pac. 319], having said in this regard: ''This court has often decided that it will not retain an appeal where its consideration and disposition upon the merits will not affect any substantial right of the parties. The mere fact that liability for costs of appeal may be involved does not affect this conclusion. (*Estate of Blythe*, 108 Cal. 124 [41 Pac. 33]; *Nelson* v. *Nelson*, 153 Cal. 204 [94 Pac. 880].)''

[2] The grounds upon which the trial court based its ruling denying Martin's motion to set aside said execution sale do not appear, .but even assuming that said ruling was founded upon theories which he claims were erroneous, namely, that being a stranger to the action he was not entitled to question the validity of said sale in that action, and that the rendition of the adverse judgment in the action against the purchasers precluded him from thereafter attacking said sale by motion in the original action, it would nevertheless seem clear that the adjudication of such motion did not have the effect of depriving the defendant in the action, against whom the legal barriers confronting Martin did not exist, from subsequently presenting a similar motion, nor of divesting the trial court of jurisdiction to entertain such motion nor to grant the same on stipulation, which was the real effect of its order annulling said sale.

For the foregoing reasons we believe that the motion of appellant Martin to forthwith submit for decision the appeal

from and to reverse the order denying his motion to set aside the execution sale should be denied; and that the motions of Sorensen and of Feigenberg Bros. and Bercovich for the dismissal of that appeal should be granted. It is so ordered, and the appeal is therefore dismissed.

Tyler, P. J., and Cashin, J., concurred.