[S. F. No. 12076. Department One.—February 7, 1928.]

C. MARTIN, Appellant, v. J. E. HOOD et al., Copartners, etc., Respondents.

John T. Wentz for Appellant.

Calkins, Hagar, Hall & Linforth, Edward J. Smith, *in pro. per.* and William W. Hoffman for Respondents.

CURTIS, J.—The first amended complaint in this action (which we will hereafter refer to as the complaint) purported to set forth two causes of action against the two defendants, each of which was separately stated and set out in a different or separate count. The defendants appeared separately and each filed both a general and special demurrer to each cause of action set forth in said first amended complaint. The court sustained both demurrers with leave for plaintiff to amend. Plaintiff chose to stand upon his pleading, and no amendment thereto having been filed, the court rendered judgment in favor of defendants. From this judgment the plaintiff has appealed.

The first count of the complaint set forth that the defendants were at all of the times mentioned therein attorneys at law, licensed to practice in this state, and were copartners doing business and practicing law as such attorneys under the firm name of Hood & Smith, with offices in the city of Oakland; that on or about October 19, 1923,

plaintiff retained and employed said firm of attorneys to advise him and to prepare the necessary legal instruments required for the purchase of the Bungalow Garage, and for a lease of the real property upon which said garage business was being carried on and the personal property used therein; that by virtue of said employment defendants prepared a lease to said premises and to said personal property, which was executed by the parties thereto, and that plaintiff thereupon purchased said business and entered into possession of said real property and the personal property used in connection with the operation of said Bungalow Garage, said personal property consisting not only of a stock of oils, greases, tires, and garage supplies, but also of a stock of groceries; that said purchase was made and said lease was obtained from the former owner of said real property and business, one Charles H. Coddington, and by virtue of said employment said defendants ''became the attorneys for plaintiff and assumed a relation of trust and confidence to this plaintiff, and that at all times thereafter and in this complaint mentioned said defendants remained and were plaintiff's attorneys, confidential advisors and trusted agents in all matters in relation to the transaction hereinafter set out''; that under said lease plaintiff entered into the possession of real property, performed all covenants of said lease on his part to be performed, and ever since and does now occupy the said real property (the above allegations are set forth in paragraphs I to V of the first count of the complaint); that at the time of said negotiations and of the execution of said lease said real property was subject to two trust deeds, one to secure the payment of a promissory note for $2,500 in favor of Bank of San Leandro, and the other to secure a promissory note of $188.57 in favor of F. I. Lemos; that defendants by reason of their employment by plaintiff learned of the existence of said trust deeds; that plaintiff notified defendants that he was able, ready, willing, and desired to purchase said notes secured by said trust deeds, but was advised by defendants not to do so, and that relying upon such advice he did not purchase said notes, but that he would have done so except for the advice given him by defendants; that thereafter and between May 14, 1925, and June 5, 1925, the defendant J. E. Hood

secretly and without plaintiff's consent and against plaintiff's will purchased the notes secured by said deeds of trust, respectively, and still continues to hold the same against plaintiff's will and consent; that immediately after the fifth day of June, 1925, plaintiff demanded of defendants that they assign to plaintiff said notes upon the payment to them of the actual amount expended by defendants in the purchase thereof; that defendants have refused and still refuse to assign to plaintiff said notes or either of them; that the value of the real property given to secure said notes is $7,500, and that defendant Hood purchased said notes for a sum not exceeding $2,300. The second count of said complaint incorporates and makes paragraphs I to V of the first count of the complaint a part of said second count. It is then alleged in said second count that plaintiff was advised by his attorneys that no "Notice of Intended Sale" as provided by section 3440 of the Civil Code need be recorded, and for this reason plaintiff did not execute or record any such notice in the office of the county recorder; that a short time after plaintiff took possession of said real and personal property a portion of said personal property was levied upon and sold under an execution issued in the case of *Sorenson* v. *Coddington*, 79 Cal. App. 199 [249 Pac. 37], which execution was issued under a judgment rendered in said action upon the publication of summons and not by personal service thereof upon the defendant in said action, and without any prior attachment being issued or levied upon said personal property; that said defendant Smith was the attorney for the plaintiff in said action and caused said personal property to be levied upon and sold under said writ of execution; that said personal property was then and there forcibly taken and removed from plaintiff's place of business and from plaintiff's possession without plaintiff's consent and against his will, and plaintiff has ever since been deprived of the use and possession of said personal property; that the value of said personal property was the sum of $930.87, and plaintiff by reason of the removal of said personal property as aforesaid has been damaged in the sum of $10,000. The prayer of the complaint is for judgment against the said defendants and each of them for the sum of $10,930.87, for a decree of the court that plaintiff is the

absolute owner of said two promissory notes; that defendants have no right, title, or interest in said notes or either of them; that defendants be required to transfer to plaintiff said notes, and defendants have not "any right or right ordinarily existing in favor of a trustee or trustees and that the said defendants are not, nor is either one of them entitled to reimbursement from this plaintiff of any money or monies expended by said defendants, or either of them in the procuring of the assignments of the deeds of trust and notes in the manner aforesaid," and for general relief and costs.

The demurrer of the defendant Hood was both general and special. The general demurrer was directed against each count of the complaint and the complaint as a whole. His special demurrer specifies that the complaint was uncertain in that it could not be ascertained therefrom "how or in what manner or by what arrangement defendants Hood & Smith became or were, as alleged in paragraph III of the first alleged cause of action . . . 'at all times thereafter and in this complaint mentioned, said defendants remained and were plaintiff's attorneys, confidential advisers, and trusted agents, in all matters in relation to transactions hereinafter set out' "; nor could it be ascertained from said complaint how or in what manner plaintiff has been damaged in the sum of $10,000. The special demurrer also set forth that the complaint was ambiguous and unintelligible for the same reason that it was alleged to be uncertain.

The general demurrer of the defendant Smith was directed against each count of the complaint. It also specified that the complaint was uncertain in that it could not be ascertained therefrom when plaintiff advised defendants that he was able, ready, and willing and desired to purchase said notes, and when plaintiff was advised by defendants not to purchase the same. The special demurrer of Smith also set forth that the complaint was ambiguous and unintelligible for the reason that it was alleged to be uncertain. Other grounds of uncertainty were specified in the special demurrer of Smith, but we deem it unnecessary to refer to them.

The first count of the complaint fails to state a cause of action, and the general demurrers interposed thereto were

properly sustained. It seeks to compel an assignment to plaintiff of the two promissory notes purchased by the defendant Hood, and which were secured by deeds of trust upon the real property leased by plaintiff without payment by plaintiff to said defendant of the amount paid by said defendant for said promissory notes. Plaintiff seeks to bring himself within the rule laid down in *McArthur* v. *Goodwin,* 173 Cal. 499 [160 Pac. 679], in which action it was held that where an attorney representing the plaintiff had during the pendency of an action fraudulently purchased certain tax deeds to the real property which was the subject of litigation, he was not entitled to be reimbursed for any money expended by him in making such purchase, before the client's title to said real property would be quieted against the claims of the attorney by reason of the purchase by him of said tax deeds. In the present action the defendants did not represent the plaintiff in any pending action, but so far as the complaint shows were employed simply to prepare a lease of the real and personal property which plaintiff contemplated acquiring. He desired to purchase the two outstanding liens against the real property, represented by the two trust deeds, in order to protect the lease which he was then acquiring, but was advised against said action by the defendant Smith. There is no allegation that this advice was not at the time the proper advice to be given under the circumstances then existing. Neither is there any allegation that the then owners of said promissory notes were willing to sell or assign them. Some eighteen months thereafter the defendant Hood purchased these two promissory notes for a valuable consideration. At most, defendant Hood might be held to be an involuntary trustee of said notes and in a proper proceeding compelled to assign them to plaintiff upon tender and payment of the consideration paid by him for the same. No such a proceeding is before us. No tender is alleged, and the complaint is drawn upon the theory that defendants are in duty bound to assign said promissory notes to the plaintiff without payment by plaintiff of the consideration paid for said notes by defendants. Plaintiff alleges that he demanded of defendants a transfer and assignment to him of said notes upon payment by him of the actual amounts of money expended by de-

fendants, but that defendants refused to make such assignments. This refusal may have been based upon plaintiff's refusal to pay defendants the amount expended by them. The allegation of demand contained in the complaint is not equivalent to, nor can it be considered a substitute for, an allegation of tender.

We will now take up for consideration the general demurrers to the second count of the complaint. It appears from the face of said complaint that the purported writ of execution under which plaintiff claims the personal property covered by his lease was sold, was absolutely void, as it was issued in pursuance of a judgment obtained in said action by publication of summons and without any attachment of the personal property claimed by plaintiff. The sale, therefore, under said writ of execution was void and the purchaser at such sale took no interest by virtue thereof to any of said personal property. Plaintiff, therefore, would have had a right of action against the officer making said purported 'sale, and also against the purchasers thereunder for the removal of said property from the possession of plaintiff. The plaintiff sustained no injury, therefore, by reason of defendants' advice to him not to file a notice of intended sale, as provided by section 3440 of the Civil Code. Neither was he damaged by any action taken by the defendants in the action of *Sorenson* v. *Coddington*. Plaintiff was by none of these acts deprived of any right possessed by him in said personal property. This complaint was, therefore, subject to a general demurrer. Before leaving this subject we wish to call attention to the fact that this is the same writ of execution involved in the action of *Martin* v. *Feigenberg, ante,* p. 347 [264 Pac. 477]. That action was brought by plaintiff against the purchasers of this same personal property to recover possession of the same and damages for its detention upon the ground that said writ of attachment was void for the reason that there was no personal service of summons in said action. We sustained this contention of plaintiff, but affirmed the judgment against him in the action of *Martin* v. *Feigenberg,* for the reason that the trial court found in said action that plaintiff was estopped from claiming the possession of said personal property in that he had encouraged the purchasers

to bid at such sale, consented to its removal from his premises and actually assisted in loading the same upon a truck sent by the purchasers for the purpose of removing said property from plaintiff's premises. There was ample evidence to sustain this finding and for that reason we were compelled to affirm the judgment based thereon.

We also think the special demurrers for uncertainty were well taken, especially two of them. The court properly sustained the demurrer of the defendant Hood wherein it was set forth that the complaint was uncertain in alleging that ''at all times thereafter and in this complaint mentioned, said defendants remained and were plaintiff's attorneys, confidential advisers, and trusted agents, in all matters in relation to transactions hereinafter set out.'' The only allegation of employment was that the defendants were consulted regarding the lease of the property by plaintiff and the preparation of a proper form of lease to consummate these negotiations. Just how defendants thereafter remained plaintiff's attorneys during the following eighteen months does not appear from the complaint, and cannot be ascertained therefrom. In this respect, therefore, the complaint was without doubt uncertain, and the demurrer interposed on that ground was properly sustained. The special demurrer of defendant Smith upon the ground of uncertainty was also well taken. The uncertainty in the complaint relied upon to sustain this ground of the demurrer was that it could not be ascertained from said complaint when the defendants advised plaintiff not to purchase said promissory notes. As we have already seen, something over one year and a half intervened between the employment of defendants to advise plaintiffs regarding the lease of said real and personal property, and the purchase by the defendant Hood of the promissory notes. During this time, at some period therein, the complaint does not state when, the plaintiff alleges the defendants advised him not to purchase the notes. The defendants may wish to deny that they ever gave such advice. If they do, it will be necessary for plaintiff to prove the allegation. To allow plaintiff on the day of trial to select some date within this year and one-half as the date when such advice was given him, would compel the defendants to meet this evidence of the plaintiff without any

previous notice as to just what might be required of them. Of course, we do not mean to hold that the exact date is material, or should be alleged in the complaint, but plaintiff should be required to set forth at least an approximate date on which he claims defendants advised him on the subject of the purchase of the notes.

The demurrers having been properly sustained and the plaintiff having refused to amend within the time allowed by the court for that purpose, the judgment should be, and it is hereby, affirmed.

Preston, J., and Seawell, J., concurred.