[S. F. No. 12020. Department One.—February 7, 1928.]

C. MARTIN, Appellant, v. JOHN DOE FEIGENBERG et al., Respondents.

John T. Wentz for Appellant.

Fitzgerald, Abbott & Beardsley for Respondents.

CURTIS, J.—Action brought to recover possession of certain personal property of the alleged value of $1,250, and for $10,000 damages for the unlawful detention thereof. Plaintiff claimed to have been in possession of said personal property by virtue of a lease from C. H. Coddington, the owner thereof, and that defendants, on the fifteenth day of June, 1925, without plaintiff's consent and wrongfully, entered upon the premises on which said personal property was situated and removed the same therefrom. The defendant Bercovich asserted title to said personal property through an execution sale thereof in an action wherein E. Sorenson was plaintiff and the said C. H. Coddington was defendant; that at said sale, held on June 15, 1925, the defendants Feigenberg Bros. became the purchasers of said personal property and immediately thereafter sold the same to defendant Bercovich. The court rendered judgment for defendants and plaintiff has appealed.

The writ of execution under which said property was sold is the same writ which was the subject of consideration by the district court of appeal, first district, first division, in the case of *Sorenson* v. *Coddington,* 79 Cal. App. 199 [249 Pac. 37]. From the facts stated in the opinion therein it appears that the appellant herein, although not a party to said action of *Sorenson* v. *Coddington,* after the rendition of the adverse judgment from which the present appeal was taken, made a motion in the superior court of Alameda County, where said action of *Sorenson* v. *Coddington* was pending, to set aside said writ, which motion was denied. Thereafter the defendant Coddington made a similar motion, which was also denied. However, after the denial of said motions, by an agreement between Sorenson, Coddington, Feigenberg Bros. and Bercovich and their attorneys, said writ of execution was annulled and said personal property, or a large portion of it, was returned to Martin, the appellant herein. It does not appear, however, from the report of said action that Martin was a party to said agreement. It does appear, however, that he appealed

from the order of court denying his motion to vacate said order of execution, and that this said appeal was dismissed on the ground that the question, to determine which said appeal had been taken—that is, the validity of said writ of execution—had by the subsequent order entered upon the stipulation of the parties to said action annulling the same, become moot. It appears, therefore, from the decision of the district court dismissing said appeal, in which all of the parties hereto were parties, that the writ of execution under which the personal property was sold, which is sought to be recovered in this action, was vacated and the greater part of said personal property was returned to appellant herein. Appellant, however, by this action seeks to recover all of said personal property and damages for the detention of the same. Therefore, the return of a portion of said personal property only did not satisfy appellant's claim to the whole thereof and damages for the detention of the same. Accordingly, the subsequent proceedings taken in the case of *Sorenson* v. *Coddington,* which resulted in a portion of said personal property being returned to appellant, did not have the effect of rendering moot the questions arising in this action, nor of defeating the appellant's right to recover herein. On the other hand, they somewhat strengthen appellant's position regarding his right to the possession of all of said personal property, for by those proceedings the writ of execution, under which the respondents claim they purchased said property, was annulled by the court by agreement of said respondents, which must be conclusive on the respondents that the same was void and of no force or effect. Were this the only barrier which stands between the appellant and his success on this appeal, it would be our duty to grant him the relief asked for herein.

But appellant bases his right to recover possession of said personal property, and damages for its retention, upon the allegations of his complaint that defendants "without plaintiff's consent and wrongfully and unlawfully entered upon the premises above described, so belonging to plaintiff, and forcibly and wrongfully entered the building in which said personal property was located and removed the same from said premises." This allegation of the complaint was denied by respondents, who also plead that appellant was estopped from asserting any right, title, claim,

or interest in said personal property by reason of his conduct prior to, during, and subsequent to the sale of said personal property and the purchase thereof by the respondents. Upon these issues the court found for the respondents. There is no question of the sufficiency of the evidence to support the findings of the court. In brief, the evidence shows that before the issuance of said purported writ of execution the appellant informed the attorney for Sorenson, the plaintiff in said action, that said personal property was in his possession, and that it belonged to Coddington, the judgment debtor in said action; thereupon the attorney suggested that he would have execution issued in said action and levy upon and sell said personal property under said writ of execution. This was done and appellant was present at said sale and made no claim to said personal property. The purchasers at said sale were respondents Feigenberg Bros., who bid $130, and said property was sold to them for said sum. They afterward sold the same to the respondent Bercovich. Bercovich, about a week before the sale under the execution, visited the appellant and the latter pointed out the personal property which he now claims, and in answer to a question asked by Bercovich as to whether he (appellant) was interested in it, the latter replied: "I don't want this junk. I am not interested in it," and after the sale the appellant disconnected the pumps (a portion of the personal property claimed was a number of pumps used at gasoline filling stations) and helped load them and the other personal property upon a truck which' the respondent Bercovich had sent to appellant's place of business for the purpose of removing said personal property from the premises of appellant. This evidence, as we have said before, is ample to support respondents' plea of estoppel. It also disproves the allegations of appellant's complaint that the property was taken from him without his consent. It shows, on the other hand, that appellant not only acquiesced in its taking, but that he disclaimed any interest in it and assisted in its removal. Under this state of facts the appellant has no legal claim for damages for the taking of said personal property from his possession, nor for the detention thereof by the respondent Bercovich.

The judgment is affirmed.

Preston, J., and Seawell, J., concurred.