[Civ. No. 7356. First Appellate District, Division One.—April 23, 1931.]

JACK GOSS, a Minor, etc., Appellant, v. SECURITY INSURANCE COMPANY OF CALIFORNIA (a Corporation), Respondent.

Barry J. Colding, Theodore Hale and Carrol B. Crawford for Appellant.

Cooley, Crowley & Gallagher, Cooley & Crowley and Cooley, Crowley & Supple for Respondent.

TYLER, P. J.—This is an action against an insurance carrier on a policy of automobile liability insurance. The facts leading up to the controversy show that plaintiff herein in a certain action recovered a judgment against certain defendants by reason of the negligent operation of an auto-truck. This judgment was affirmed on appeal. (*Goss* v. *Pacific Motor Co.*, 85 Cal. App. 455 [259 Pac. 455].)

Pacific Motor Company was a business consisting of a garage and automobile repair-shop, operated by certain Japanese. It was not in itself a corporation, nor in any other respect a legal entity.

On October 24, 1924, execution issued in the action above referred to and was returned unsatisfied except as to the sum of $597.37, which was paid on the judgment. Defendants being proof against further execution, this action was brought by plaintiff against defendant under the provisions of the act of the legislature approved May 21, 1919, relating to actions against an insurance carrier, when the insured person is insolvent or bankrupt or without property sufficient to satisfy execution on account of loss or damage insured against. The form of the judgment above referred to, which plaintiff recovered, was against three Japanese named individually and as copartners doing business under the firm name and style of Pacific Motor Company. Prior to the injury for which the judgment was given, defendant company had issued a policy of insurance in favor of "Pacific Motor Company", indemnifying said insured in the sum of $5,000 against a final judgment arising out of the operation of the automobile of the insured. It is upon this policy that the present action is based. At the trial plaintiff was unable to produce the original policy, but did establish its existence and form by the testimony of the broker and defendant's general auditor. The insured under the terms of the policy was Pacific Motor Company. The judgment in the action of *Goss* v. *Pacific Motor Company*, above referred to, ran against the driver of the automobile, G. Kadowaki, and Perry T. Fujii, Frank K. Shibata and Harry N. Nagata, doing business under the firm name and style of Pacific Motor Company, a copartnership.

It was the contention of defendant insurance company at the trial that it insured "Pacific Motor Company"; that the judgment being against Kadowaki, the driver, and the three Japanese named therein "doing business under the name and style of Pacific Motor Company" constituted a judgment against a partnership, an entirely different entity to the company insured, and that, therefore, plaintiff must fail in his present action. The trial court so concluded and plaintiff appeals.

If this technical conclusion be correct, then a situation is presented where an insurance company has issued a policy and collected a premium thereon, where under no possible circumstances could it incur any liability thereunder, for the reason there was no such corporation as "Pacific Motor Company" ever in existence. The manifest intention of the parties under their contract was to insure the owners of the garage against liability in the operation of their motor vehicles. A policy or contract of insurance is to be construed so as to ascertain and carry out the intention of the parties, viewed in the light of surrounding circumstances, the business in which the insured is engaged and the purpose they had in view in making the contract. (32 Cor. Jur., p. 1150; *Ogburn* v. *Travelers Ins. Co.*, 207 Cal. 50 [276 Pac. 1004].) The three Japanese were the sole owners of the garage, and the contract was for their protection alone. The name "Pacific Motor Company" was used merely as a convenience by their company. To recognize their separate entities, under such circumstances, would aid in the consummation of a wrong. (*Ellet* v. *Los Altos etc. Properties, Inc.*, 88 Cal. App. 740 [264 Pac. 270].)

Nor is there any merit in respondent's further contention that certain pleadings conclude plaintiff from denying that Pacific Motor Company was not a separate entity. This claim is based upon the fact that the verified complaint in the personal injury case alleged that the motor company was a corporation and defendants did not controvert this allegation. Pleading cannot give corporate life to a business where none exists. (*Craig* v. *San Fernando Furniture Co.*, 89 Cal. App. 167 [264 Pac. 784].)

And finally respondent claims in support of the judgment that the policy was not in effect at the time plaintiff was injured, as it was not countersigned by the company's representative at the time the accident happened. The policy provides in express terms that the liability begins on the twenty-third day of December, 1922, and ends at noon on the twenty-third day of December, 1923, standard time. The injury to plaintiff occurred on December 26, 1922, three days after the policy issued. It is true that it was not countersigned by the company's representative until December 28, 1922. The time when the policy was to take effect was written in the policy and the provision

requiring it to be countersigned was part of the printed matter. Under such conflicting provisions, the written part controls. (Civ. Code, sec. 1651; *Anderson* v. *Mutual Life Ins. Co.*, 164 Cal. 712 [Ann. Cas. 1914B, 903, 130 Pac. 726].) Irrespective of this conclusion, respondents are in no position to here invoke any such defense. The question was not raised in the court below. For aught that appears, insurance during the few days intervening may have been carried under a coverage receipt as is usual in such cases. For the reasons given, the judgment is reversed.

Knight, J., and Ward, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 23, 1931, and a petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 22, 1931.