[Civ. No. 10348. Second Appellate District, Division One.—July 10, 1935.]

RUFUS T. WINCHESTER et al., Respondents, v. GENERAL CAB COMPANY (a Corporation) et al., Defendants; MERCER CASUALTY COMPANY, Appellant.

Elbert E. Hensley and Don Francis Dodge for Appellant.

Lasher B. Gallagher for Respondents.

CONREY, P. J.—Respondents have presented their motion to dismiss defendant Mercer Casualty Company's appeal from the judgment, and make their motion upon the ground that the notice of appeal was not filed until more than sixty days after the entry of judgment. This motion must be granted unless the time had been extended by reason of pendency of proceedings on motion for a new trial. (Code Civ. Proc., sec. 939.)

The only record in this case of any notice of intention to move for a new trial is a notice found in the reporter's transcript, page 478, of intention of the defendant General Cab Company to make such motion. Eight months before trial of the case, default judgment had been entered against defendant General Cab Company. The only contested issues at the trial were those raised by the pleadings between the plaintiffs and defendant Mercer Casualty Company. The attorney of record of Mercer Casualty Company served and filed in the name of General Cab Company the above mentioned notice of intention to move for a new trial. In support of his opposition to dismissal of the appeal said attorney has filed herein his affidavit, which in substance is to the effect that he was not the attorney of General Cab Company, and that the notice of intention to move for a new trial was by mistake of his secretary written· in the name of the wrong defendant,

and further by his own mistake was by him signed without discovery of the error.

■ Appellant now asks for an order authorizing withdrawal of the reporter's transcript, and instructing the trial court to amend said transcript by striking therefrom the words "General Cab Company" and substituting therefor the words "Mercer Casualty Company", in the copy of said notice of intention as now contained in said transcript. If the Mercer Casualty Company was entitled to any such relief the application therefor should have been made to the superior court, and the corrected record might then be certified to this court. ■ We are of the opinion, however, that in face of the admitted fact that the record does not show and cannot truly be made to show that any notice of intention of Mercer Casualty Company to move for new trial, was ever served or filed in the name of the company or under any description in which it could be included, the conclusion must follow that there was no proceeding on motion for new trial, and that the notice of appeal from the judgment was filed too late to give jurisdiction thereof to this court. ■ In *People* v. *Lewis,* 219 Cal. 410, 414 [27 Pac. (2d) 73], the Supreme Court said: "The execution and filing of notice of appeal is done by a party or his attorney, and is not an act of the court. Where through inadvertence or mistake of a party or his attorney notice is not filed within the time limited by law, neither the trial court nor, appellate court can afford relief thereafter by permitting filing of a tardy notice. What the trial court cannot do directly it cannot accomplish indirectly by authorizing amendment or alteration of a codefendant's timely notice of appeal by writing in the name of the defendant who failed to file notice in time." These observations apply with equal force to the limitations of time for initiating proceedings on motion for new trial, and to the limitations of time for giving notice of appeal.

The motion of respondents. is granted and the appeal from the judgment is dismissed.

Houser, J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 6, 1935, and the following opinion then rendered thereon:

THE COURT.—On petition of defendant Mercer Casualty Company for rehearing after order of dismissal of appeal from judgment.

In addition to petitioner's statement of reasons offered in support of petition, it is requested that the opinion of this court heretofore filed be amended to ''set forth the fact that appellant's motion for a new trial in the court below was actually argued by counsel for appellant, opposed by counsel for respondent, taken and understood by the trial court as appellant's motion and not the motion of the General Cab Company, and as such heard and considered, after submission, as a motion for a new trial by appellant, and, finally, by the trial court denied, all without any objection whatever by respondent based on any insufficiency or defect in appellant's notice of intention to move for a new trial''. It may be assumed that the foregoing quotation is justified by the record, except that in the absence of a notice of intention of defendant Mercer Casualty Company to move for a new trial there could be no such thing as ''appellant's motion for a new trial''. It is for this reason that we are of the opinion that in this case a motion of appellant for new trial was not pending at any time.

The petition for rehearing is denied.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 5, 1935.