[Civ. No. 10384. Second Appellate District, Division One.—April 29, 1936.]

RUFFUS T. WINCHESTER et al., Respondents, v. GENERAL CAB COMPANY (a Corporation) et al., Defendants; MERCER CASUALTY COMPANY (a Corporation), Respondent.

[Civ. No. 10348. Second Appellate District, Division One.—April 29, 1936.]

RUFFUS T. WINCHESTER et al., Respondents, v. GENERAL CAB COMPANY (a Corporation) et al., Defendants; MERCER CASUALTY COMPANY (a Corporation), Appellant.

Lasher B. Gallagher for Plaintiffs and Appellants.

Elbert E. Hensley and Don Francis Dodge for Defendant and Appellant.

ROTH, J., *pro tem.*—There are two appeals in this case which will be considered together, the first, 10384, and the second, 10348. In 10384, Mercer Casualty Company, one of the defendants in the trial court (referred to herein as Casualty Company) is the respondent, and the Winchesters are appellants. This is an appeal from an ancillary order made in proceedings initiated by Casualty Company to vacate a judgment and enter a new and different judgment. In 10348, Casualty Company is appellant and the Winchesters are respondents. This is an appeal from the order denying Casualty Company's motion to vacate judgment and enter a new and different judgment. Heretofore, Casualty Company had appealed from the judgment rendered against it in this case, which appeal was dismissed as it was not perfected in time. (*Winchester* v. *General Cab Co.*, 8 Cal. App. (2d) 360 [47 Pac. (2d) 1116].)

The appeal in 10384 will be considered first for the reason that it is before us at this time on a motion to dismiss.

On October 4, 1934, respondent Casualty Company, having theretofore suffered a default judgment against itself which was entered in the above-entitled action, served a notice of motion to vacate the judgment and enter different and distinct judgment under authority of sections 663 and 663a of the Code of Civil Procedure. The notice, however, did not, as required by said sections, specify ''the particulars in which the conclusions of law are not consistent with the finding of fact . . . '' Thereafter, a motion was made, pursuant to the notice thereof and submitted. During the submission and on December 20, 1934, respondent served and filed another ''notice of motion for leave to vacate submission of motion to vacate judgment and enter different and distinct judgment, and for leave to further argue said motion'', the purpose of which was to correct and amend the defects in the first notice of motion and the motion pursuant thereto.

The second motion was heard over appellants' objection on December 26, 1934, and granted. On the same day and at the same time, the first motion as amended by the second was denied. This appeal is from the order permitting respondent to file amendments to its first motion. Respondent moves to dismiss the appeal, because the original motion was lost by respondent and the appeal from the order is therefore moot, and also for the reason that the order thus appealed from is not an appealable order. Section 963 of the Code of Civil Procedure sets forth the orders and judgment from which an appeal may be taken. The order herein appealed from is not one of those specifically mentioned, and may be considered as an appealable order only if it is included in the language "special order made after final judgment" set forth in said section. What is a "special order made after final judgment" has been defined by the decisions. A definition enunciated upon analogous facts is set forth in the case of *Kaltschmidt* v. *Weber*, 136 Cal. 675, 677 [69 Pac. 497], wherein the court says:

" . . . in the present case the order appealed from is only a ruling of the court upon an ancillary motion made by plaintiff in the proceeding for a new trial, and does not finally dispose of the motion, any more than would an order extending the time for preparing the bill of exceptions, or continuing the hearing upon its settlement beyond that allowed by the statute. If the motion for a new trial is denied the appellant will not be 'aggrieved' or even desirous of an appeal. If it is granted he can appeal from the order, and the action of the court now objected to can be reviewed upon the record upon which the motion for a new trial was heard, wherein the several rulings and orders of the judge may be incorporated as hereinabove shown. A question kindred to the present was presented in *Griess* v. *State Investment etc. Co.*, 93 Cal. 411 [28 Pac. 1041], upon which the court said: 'The refusal to dismiss a motion for a new trial does not finally dispose of the motion itself, and until some order is made by the trial court which has the effect to either grant or deny the motion for a new trial neither party can be said to be aggrieved, and there is nothing to appeal from.' " (*McWilliams* v. *Hudson*, 98 Cal. App. 185 [276 Pac. 598, 277 Pac. 529]; *Lake* v. *Harris*, 198 Cal. 85 [243 Pac. 417].) So in this case, the order appealed from was an ancillary order

which did not finally dispose of the motion, and the ruling thereon is one which could be considered upon an appeal from the order finally disposing of the motion. Since, however, in this case the final order disposing of the motion was in appellants' favor, the appeal from the intermediate order does not affect the rights of the parties, and such appeal is therefore moot. (*Estate of Blythe,* 108 Cal. 124 [41 Pac. 33]; *Turner* v. *Markham,* 156 Cal. 68 [103 Pac. 319]; *Sorensen* v. *Coddington,* 79 Cal. App. 199 [249 Pac. 37].)

■ We now proceed to the second appeal, 10348, in which Casualty Company is appellant and the Winchesters are respondents. This is an appeal from the order denying the motion of Casualty Company to vacate the judgment and enter a different judgment.

The sole point on the appeal from this order is that the findings do not support the judgment. Casualty Company is an insurance company and had, prior to the accident which gave rise to the judgment against it, issued a policy of indemnity to John P. Coyle, receiver in equity for General Cab Company, dba Red Top Cab Company. The above companies were joined as defendants, as was the driver of the cab involved in the accident, but Coyle, the receiver, was not a party to the action.

Appellant concedes that Coyle as receiver of the General Cab Company is and was liable in his official capacity for all torts committed by him as such receiver and that Casualty Company issued the policy in question to protect him from such liability, but contends that Casualty Company never insured the General Cab Company, dba Red Top Cab Company. The pertinent clause in the policy of insurance on which appellant relies is: ''It is further understood and agreed that in the event of final judgment covering any loss or claim under this policy is rendered against the assured, the Insurance Carrier guarantees the payment of such part of said judgment as is within the limits expressed in the policy direct to the plaintiff. . . . ''

Since respondents never obtained final judgment against assured John P. Coyle, appellant says Casualty Company has no liability. The findings, however, do not support the contention of appellant.

The findings of the trial court pertinent on this question are as follows:

" . . . that on or about the 18th day of September, 1931, policy No. 80070 of the Mercer Casualty Company was written, naming John P. Coyle, Receiver in Equity for General Cab Company, dba Red Top Cab Company, as the insured under said policy. . . . that the said B. K. Elgin was the duly authorized agent in California for the Mercer Casualty Company. . . . that on September 29, 1931, a telegram was sent and received. . . . as follows: 'Board of Public Utilities, City Hall Building. Please cancel Mercer Policy Eight Naught Naught Seven Naught issued September Eighteenth favor Redtop Cab Company Los Angeles Cancellation effective as of noon October Thirtieth   Cancelled Account of Hazardous Risk and on Prohibitive List of this company   Confirmation by air mail.   Mercer Casualty Co.' "

That on September 29, 1931, Mercer Casualty Company wrote to the Board of Public Utilities, City Hall Building, Los Angeles, California (in part) as follows: "Thank you for your wire of the 28th re Mercer Casualty policy 80070 issued in favor of Red Top Cab Company, Los Angeles.   I feel that my Agent in California took undue advantage of me in placing the policy on the Red Top Cab Company. . . .

" . . . that from and after the 31st day of October, 1931, Mercer Policy No. 80070 was held on file in the office of the Board of Public Utilities of the City of Los Angeles.

" . . . that unless there was some form of policy on file with the Board of Public Utilities, City Hall Building, of Los Angeles, the operation of said taxicabs was in violation of the City Ordinance.

" . . . that the act of B. K. Elgin, agent of Mercer Casualty Company in purporting to extend the running of the policy . . . was for the . . . purpose of enabling the said John P. Coyle, Receiver in Equity for General Cab Company, Inc., dba Red Top Cab Company, to obtain a license to continue to operate its taxicabs in the City of Los Angeles, California."

Finding fourteen of the trial court, which is somewhat long, shows that a letter dated October 20, 1931, found to have been written by Mercer Casualty Company, recognized that the fictitious name under which General Cab Company was doing business in Los Angeles was a reference to an assured under the policy issued to the receiver, and upon which the claim in this case is predicated.

Respondents' contention is that John P. Coyle was not the person really insured. It is apparent, of course, that Coyle personally could suffer no loss by reason of any liabilities incurred by taxicabs operated by the corporation as a result of personal injuries or death caused by the negligence of the operators of such taxicabs. The loss or liability, if any, would have to be paid out of the assets of the corporation for which he was receiver, and such corporation, therefore, was the actual insured, together with any of its regularly employed drivers operating such taxicabs. We believe the findings show that the court found as a fact that the contract of insurance was made for the benefit of the General Cab Company, Inc., dba Red Top Cab Company. Finding twenty-three specifically shows that the insurance was written to enable the receiver to operate the cabs of the General Cab Company, Inc., dba Red Top Cab Company, and that a license to operate said cab company was predicated upon the very policy of insurance here in question. The facts as found by the court show that the judgment for damages was against one of the parties, which was, in fact, the insured. This in our opinion is sufficient. (*Goss* v. *Security Ins. Co.*, 113 Cal. App. 577 [298 Pac. 860].)

The motion to dismiss the appeal in 10384 is granted.

The order denying the motion to vacate the judgment and enter a different judgment in 10348 is affirmed.

Houser, P. J., and Doran, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 25, 1936.