[Civ. No. 22368. First Dist., Div. Three. Nov. 9, 1965.]

SAFECO INSURANCE COMPANY OF AMERICA, Plaintiff, Cross-defendant and Respondent, v. HARTFORD FIRE INSURANCE COMPANY, Defendant and Appellant; HARTFORD ACCIDENT & INDEMNITY CO., Defendant, Cross-complainant and Appellant.

Robert S. Chadwick for Defendant and Appellant and for Defendant, Cross-complainant and Appellant.

Wines & Bonney and B. K. Wines for Plaintiff, Cross-defendant and Respondent.

DRAPER, P. J.—Declaratory judgment determined that the policies of plaintiff and defendant both afforded primary coverage and thus should share pro-rata the bodily injury liability arising from an automobile collision. Defendant-cross-complainant appeals, urging that plaintiff's coverage is primary, and its own but excess.

Eureka Valley Cooperative is an unincorporated association. It is a water and soil conservation group, whose members are owners of lands in Inyo County. On February 12, 1961, members of the group met in that county with Mr. Kelsey, who was not a member but was acting as manager. In connection with activities of the cooperative, Mr. Roberts, a member, was driving Kelsey to Bishop in Kelsey's car. They collided with an automobile occupied by Mr. and Mrs. Lunde, who sued Roberts, Kelsey and the cooperative for damages. Kelsey's car was uninsured. Roberts' own car was insured by plaintiff, and the policy also covered Roberts while driving an automobile he did not own. Defendant had insured Eureka Valley Cooperative against liability for bodily injuries inflicted in operation of automobiles.

Plaintiff Safeco concedes that its policy covers this accident. Since the car driven by its insured carried no insurance, the Safeco liability is primary.

Hartford concedes that its policy covers the cooperative "as the employer of Roberts," but contends that this coverage is only secondary to that of Safeco. The Lundes' claims have been settled within the limits of the Safeco policy, and thus the only parties here interested are the two insurers.

We do not have the first, or "declaration," page of the Hartford policy. Thus we do not know whether it refers to any automobile of the cooperative, nor does the testimony

show whether that body owns any automobile. The testimony does establish that the cooperative is the named insured.

 The remainder of the Hartford policy is in the record. Paragraph I of the "insuring agreements" extends coverage to liability for "bodily injury" . . . arising out of the ownership, maintenance or use of any automobile." Hartford, however, points to paragraph III, which defines "insured" to include the named insured and "any person while using an owned automobile or a hired automobile . . . and any executive officer of the named insured with respect to the use of a non-owned automobile in the business of the named insured." Hartford argues that this clause limits the "any automobile" provision of paragraph I. Since the Kelsey automobile was neither owned nor hired by the cooperative, and because the driver Roberts was not an "executive officer," Hartford argues that the restrictive language bars coverage here.

Shortly after the policy was issued, but five days before the accident, Hartford wrote the issuing broker, agreeing to add an endorsement to the policy, without charge, providing that "the members of the named insured are added as additional insureds under coverages B and D." These coverages do not extend to any automobile liability. But the endorsement continues: "The policy also contains a severability clause and auto coverage will be afforded under either the individual member's own policy or under our [policy] subject to the provisions of the policy."

The first sentence of this endorsement concededly has no bearing on any coverage here involved. But it does establish the purpose of the endorsement to broaden specified coverages to include members of the cooperative. The second sentence refers to "auto coverage," stating that such coverage will be afforded "under either the individual member's own policy or under" the Hartford policy. Hartford argues that the phrase "subject to the provisions of the policy" in some way brings paragraph III of the insuring agreements into play, thus barring coverage of members driving nonowned vehicles. But in light of the obvious purpose of the endorsement, coupled with the "any automobile" provisions of paragraph I, we conclude that, at most, paragraph III imports ambiguity. When policy language is uncertain as respects the person or persons protected, "the language will be understood in its most inclusive sense, for the benefit of the insured." (*Continental Cas. Co.* v. *Phoenix Constr. Co.,* 46

Cal.2d 423, 438 [296 P.2d 801, 57 A.L.R.2d 914] ; *Continental Cas. Co.* v. *Zurich Ins. Co.*, 57 Cal.2d 27 [17 Cal.Rptr. 12, 366 P.2d 455] ). ■ It follows that the instant policy, as endorsed, must be construed to include member Roberts as an insured.

■ The automobile itself is not insured. Thus we concededly do not have the question of policy coverage which arises when one company insures the automobile owner and another the permissive driver (see *American Automobile Ins. Co.* v. *Republic Indemnity Co.*, 52 Cal.2d 507 [341 P.2d 675] ). Since both policies here cover the driver, both are primary and the loss must be prorated.

■ Hartford contends that the present trend of decisions is toward recognition of an unincorporated association as an entity distinct from its members (*Marshall* v. *International Longshoremen's & Warehousemen's Union*, 57 Cal.2d 781 [22 Cal.Rptr. 211, 371 P.2d 987] ; *Daniels* v. *Sanitarium Assn., Inc.*, 59 Cal.2d 602 [30 Cal.Rptr. 828, 381 P.2d 652] ). Thus, it is argued, a member of the cooperative is not covered as a member, but can enjoy coverage only as an employee, the employer cooperative would be entitled to subrogation against an employee (*Continental Cas. Co.* v. *Phoenix Constr. Co.*, supra, 46 Cal.2d 423, 429), and Hartford's coverage thus is but secondary. The reasoning is strained, since Hartford's liability is found in its policy, as endorsed, and not in general principles of *respondeat superior*. The endorsement makes no reference to an ''employee,'' but to an ''individual member.'' Hartford's view could not be utilized to negate all coverage (*Goss* v. *Security Ins. Co.*, 113 Cal.App. 577 [298 P. 860] ), and we do not resort to it to restrict coverage extended by the policy as endorsed. Moreover, *Marshall* and *Daniels* are specifically limited to situations not here present.

Judgment affirmed.

Salsman, J., and Devine, J., concurred.