**AMERICAN CASUALTY COMPANY OF READING, PENN., Appellant,**

v.

**Bert SIMPSON, Appellee.**

**No. 22557.**

United States Court of Appeals
Ninth Circuit.

July 11, 1969.

John K. Stewart (argued), and J. D. Burdick, of Carroll, Davis, Burdick & McDonough, San Francisco, Cal., for appellant.

Albert R. Abramson (argued), of Hoberg, Finger, Brown & Abramson, San Francisco, Cal., for appellee.

Before BARNES and CARTER, Circuit Judges, and KILKENNY, District Judge *.

PER CURIAM:

Appellee was injured while hunting and suffered the loss of his left arm. In this action, he claims benefts for accidental injuries under the terms of a master policy issued by appellant to the City and County of San Francisco, appellee's employer. Appellant's principal defense is that appellee was not a "full-time employee" on the date of his injury and thus was not covered by the policy. The trial judge found that the injury was accidental, that Simpson was an employee, under the terms of the policy, on the date of the accident and entitled to judgment. We affirm.

█ Inasmuch as the phrase "full-time employee" is not defined in the policy, any ambiguity arising from failure to define must be resolved against appellant. General Cas. Co. of America v. Azteca Films, Inc., 278 F.2d 161 (9th Cir. 1960), *cert. denied*, 364 U.S. 863, 81 S.Ct. 103, 5 L.Ed.2d 85; Allstate Ins. Co.

---

* The Honorable John F. Kilkenny, United States District Judge for the District of Oregon, sitting by designation.

v. Erickson, 227 F.2d 755 (9th Cir. 1955). If doubt exists as to the person or persons protected, the language of the policy must be construed in the inclusive sense for the benefit of insured. Ohio Cas. Ins. Co. v. Armendariz, 224 Cal.App.2d 56, 36 Cal.Rptr. 274 (4th Dist.Ct.App.1964); Safeco Ins. Co. of America v. Hartford Fire Ins. Co., 238 Cal.App.2d 77, 47 Cal.Rptr. 550 (1st Dist.Ct.App.1965). An issue of fact, as to coverage under the policy, was presented to the trial judge, and by him resolved against the appellant. The findings of the trial judge are supported by substantial evidence and are not clearly erroneous.