**TICOR TITLE INSURANCE COMPANY OF CALIFORNIA, a California corporation, Plaintiff–Appellee,**

v.

**AMERICAN RESOURCES, LTD., a Hawaii corporation, Individually and Through the Trustee for the Estate of American Resources, Ltd., and Harold Chu, Defendants–Appellants.**

No. 87–2425.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 6, 1988.

Decided Oct. 18, 1988.

Harold Chu, Honolulu, Hawaii, for defendants-appellants.

Wesley W. Ichida, Case & Lynch, Honolulu, Hawaii, for plaintiff-appellee.

Before WALLACE, REINHARDT and NOONAN, Circuit Judges.

REINHARDT, Circuit Judge:

The district court granted Ticor Title Insurance Co.'s ("Ticor Title") summary judg-

ment motion for federal declaratory relief. The court held that Ticor Title had no duty to defend or indemnify American Resources, Ltd., in several suits brought against it. American Resources was a party to a joint venture that owned the land insured by Ticor Title. American Resources appeals.

## I. *Facts*

Although the facts pertaining to this lawsuit are complex, a full recounting is not necessary. We need only observe that American Resources placed a $3 million mortgage on land it owned on the north shore of Oahu in favor of Pacific Loan. When Pacific Loan threatened a foreclosure action on certain adjacent land, American Resources contributed its parcel to a joint venture to which it became a party. As part of the transaction, Pacific Loan released the mortgage on the property originally owned by American Resources. The release of this mortgage, like the mortgage itself, went unrecorded. Subsequently, Ticor Title insured the joint venture's property. The policy obligated Ticor Title to defend the insured against actions "founded on a claim of title, encumbrance or defect".

In 1981 Thrift Guaranty Corporation ("Thrift") took over Pacific Loan. Thrift, through Pacific Loan, brought suit in Hawaii state court against American Resources and others, claiming that the defendants had committed various fraudulent acts and unfair dealings, including obtaining the release of the mortgage. It alleged that American Resources had not paid any consideration for the release, and it sought to reinstate the mortgage. Subsequently, two other actions were filed. In 1982 Michael McCarthy, a principal of American Resources, brought a federal action against Pacific Loan; in its counterclaim Thrift, through Pacific Loan, raised many of the same allegations raised in the Hawaii state court action. That same year Thrift, again through Pacific Loan, filed suit against American Resources in Alaska state court, and again raised allegations similar to those in the original Hawaii state action.

In February 1985, American Resources tendered to Ticor Title the defense of the lawsuits, asserting that claims had been made that an encumbrance existed on the property held by the joint venture. Ticor Title undertook the defense under a reservation of rights, but then brought this action seeking a declaration that it had no duty to defend or to indemnify American Resources. The district court granted summary judgment in Ticor Title's favor. We reverse.

## II. *Jurisdiction*

■ This case is before us on diversity of citizenship. Ticor Title is a California corporation while American Resources is based in Hawaii. There thus exists jurisdiction over the action for purposes of deciding the issues on which Ticor Title seeks federal declaratory relief. *See Continental Airlines v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1522–23 (9th Cir.1987) (diversity jurisdiction necessary to consider claim for federal declaratory relief). Nevertheless, we may, in the exercise of our discretion, decline to assert diversity jurisdiction over a declaratory judgment action that raises issues of state law when those same issues are being presented contemporaneously to state courts. *See, e.g., Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 126, 88 S.Ct. 733, 746, 19 L.Ed.2d 936 (1968); *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 491–97, 62 S.Ct. 1173, 1174–77, 86 L.Ed. 1620 (1942); *see generally Geni–Chlor International, Inc. v. Multisonics Development Corp.*, 580 F.2d 981, 984–85 (9th Cir.1978). Because American Resources challenged neither our nor the district court's exercise of discretion to afford diversity jurisdiction, we do not decide whether the fact that the issues raised here are related to rather than the same as those being litigated in the underlying actions would bar invocation of the rule authorizing us to decline to assert jurisdiction.[1] Whether or not the discretionary rule is applicable where insur-

---

1. *See infra* note 7.

ance companies ask federal courts to determine their obligations to defend or indemnify with respect to issues that are or will be the subject of state court litigation must await determination until a case is before us in which the parties have briefed and argued that issue.

### III. *Duty to Defend*

■ The title insurance policies in question were issued in Hawaii to a Hawaiian joint venture and apply to Hawaiian lands. Thus, the law of the State of Hawaii applies to this case. Under Hawaii law, the insurer's duty to defend its insured is contractual in nature, and thus depends on the language of the insurance policy. *First Ins. Co. of Hawaii v. State*, 66 Haw. 413, 665 P.2d 648, 651–52 (1983). Here, the policy obligates Ticor Title to defend the joint venture "with respect to all demands and legal proceedings founded upon a claim of title, encumbrance or defect which existed or is claimed to have existed prior to the date hereof...." Since Thrift's complaints are founded in part on claims that an encumbrance on the property existed prior to the date the insurance was purchased—i.e., a mortgage that was improperly released— the express terms of the policy appear to cover the instant situation.[2] Nevertheless, Ticor Title advances several arguments to support its contention that it has no obligation either to defend or indemnify American Resources.

A. *Is a party to a joint venture covered under a title policy obtained by the joint venture?*

■ First, Ticor Title argues that American Resources is not an insured under the policy because the joint venture, and not American Resources, is the policy's named insured. While the parties have cited no case that directly addresses the question whether a party to a joint venture is cover-

ed by the insurance of the joint venture and while our research has revealed little authority directly addressing the question, the few cases we have found do not support Ticor Title's view. In California, for example, "[i]nsurance on a joint venture covers liability of the individual partners or joint venturers." *Quetnick v. McConnell*, 154 Cal.App.2d 112, 119, 315 P.2d 718, 722 (1957) (citing *Reed v. Industrial Acc. Comm.*, 10 Cal.2d 191, 73 P.2d 1212 (1937); *Goss v. Security Ins. Co.*, 113 Cal.App. 577, 298 P. 860 (1931)). We believe that in this instance Hawaii would follow California law. We therefore conclude that American Resources is entitled to invoke the protections of the policy.[3]

B. *Does the availability to the insured of an affirmative defense excuse an insurer from affording a defense?*

Next, Ticor Title argues that because the district court has construed a 1986 settlement agreement between Pacific Loan and the other parties to the joint venture, excepting American Resources, to mean that there is "no real possibility" that American Resources could face any damages arising out of the lawsuits, American Resources no longer has any insurable interest under the policy. We disagree.

■ An insurer is not relieved of its duty to defend against a claim merely because the insured may be entitled to assert a valid affirmative defense such as the 1986 settlement agreement. Rather, we look to the face of the underlying complaint and try to determine therefrom whether any of the alleged claims fall within the title policy's coverage. *See Hawaiian Ins. & Guaranty Co., Ltd. v. Blair, Ltd.*, 726 P.2d 1310, 1312 (Haw.App.1986) (quoting 7C Appleman, *Insurance Law and Practice*, § 4684.01 at 91 (Berdal ed. 1979) and citing *Sturla Inc. v. Fireman's Fund Ins. Co.*, 67

---

**2.** We note that in the Hawaii state court action Thrift sought the reimposition of the mortgage and in the two others it sought the imposition of a constructive trust. Ticor Title does not contend on appeal that the difference in remedy sought affects its obligations under the policy. *See also* note 7 *infra*.

**3.** Ticor Title has a duty to defend even though American Resources is no longer a party to the joint venture, for American Resources would suffer a pecuniary loss if title were defective. *See* 9 Appleman, *Insurance Law & Practice* § 5202 (1981).

Haw. 203, 684 P.2d 960 (1984)); *see also Standard Oil Co. of Cal. v. Hawaiian Ins.*, 65 Haw. 512, 654 P.2d 1345, 1349 (1982) (duty to defend rests primarily on the possibility that coverage exists), 7C Appleman, *Insurance Law and Practice*, § 4682 at 22–23. Contrary to Ticor Title's contention, all that is necessary when determining whether an insurer must defend is that the allegations in the complaint at least arguably come within the policy's coverage. *See, e.g., Space Conditioning Inc. v. Ins. Co. of North America*, 294 F.Supp. 1290, 1293 (E.D.Mich.1968), *aff'd*, 419 F.2d 836 (6th Cir.1970); *School Dist. No. 1 v. Mission Ins. Co.*, 58 Or.App. 692, 650 P.2d 929, 933 (1982); 7C Appleman, *Insurance Law & Practice* § 4683.01 at 61 (Berdal ed. 1979).

■ We observe that adoption of Ticor Title's view would mean that an insured would have to defend itself in all situations where there exists an affirmative defense under a title insurance policy. For example, the insured rather than the insurer would have to raise the defense of the statute of limitations, or, as in this case, a release or settlement agreement. Such a result is inconsistent with title insurance law. The insured is not required to defend himself whenever he has a legitimate defense. To the contrary, when there is an action against an insured, and the action raises claims that come within the title insurance policy's coverage, the insurer, not the insured, must defend the action, whether the defense consists of a simple denial of the allegation or the assertion of a statutory, contractual, or equitable bar.[4]

Moreover, because the settlement agreement did not include American Resources, when the Hawaii state claims were dismissed as to the other parties American Resources remained a defendant. Thus, American Resources, unlike the parties to the settlement agreement, still faces an active, vital lawsuit in which claims are asserted that on their face are within the coverage of the title policy.

### C. Are the exclusions set forth in the policy applicable?

Ticor Title also argues that the exclusions contained in the policy bar coverage. The general exceptions to the policy include

> defects, liens, encumbrances or other matters created or suffered by the insured; defects, liens, encumbrances or other matters which were at the date of this policy known to the insured, or to any agent of the insured, but were not at the date disclosed by the public records, unless such defects, liens, encumbrances or other matters were prior to the date of this policy disclosed in writing to the company. . . .

Ticor Title contends that because American Resources knowingly and purposefully "created" a defect in title when it both mortgaged the property and obtained the release of the mortgage, the general exceptions are applicable.

■ We disagree for two reasons. First, for purposes of summary judgment, we must view the facts in the light most favorable to American Resources. *See Ashton v. Cory*, 780 F.2d 816, 818 (9th Cir.1986). Accordingly, we must assume that, as American Resources contends, the release of the mortgage was valid.[5] Second, and equally important, the determination whether a duty to defend exists should not be made dependent on how the court anticipates the underlying dispute between the insured and the party suing will be resolved. Courts must not be lured into adjudicating the merits of that underlying dispute when deciding the threshold issue of the insurance company's duty to defend.

---

**4.** Similarly, there is "no real possibility" that the insured could be held liable for damages when an action is frivolous or meritless, or the allegations in the complaint are false. Nevertheless, the duty to defend, being far broader than the duty to pay, exists in such cases. *See First Ins. Co. of Hawaii v. State*, 66 Haw. 413, 665 P.2d 648, 652–53 (1983) (an insurer's duty to defend is construed liberally, and may extend to actions which are groundless, false or fraudulent).

**5.** The question whether the mortgage was properly released involves disputed issues of material facts. We make no determinations regarding those disputed facts—only the assumptions most favorable to American Resources.

Where genuine issues of disputed fact exist regarding the underlying events, the threshold question must be resolved on the basis of the factual version which supports coverage.[6] Thus, for purposes of determining Ticor Title's duty to defend, we must accept as true American Resources' version of the facts. As noted, those facts compel the conclusion that the release of the mortgage was valid and that there was no encumbrance on the property at the time the joint venture purchased the insurance. Under those circumstances, the conduct at issue does not fall within the policy's exclusions.

We reach the above conclusion notwithstanding the argument raised obliquely by Ticor Title that even if the alleged encumbrance were successfully removed prior to the time the insurance was purchased, its original creation by American Resources constitutes conduct that falls within the exclusions. First, we observe that insurance policies are contracts of adhesion and are prepared by the insurer; under Hawaii law, such contracts must be " 'construed liberally in favor of the insured and the ambiguities resolved against the insurer.' " *Sturla, Inc. v. Fireman's Fund Insurance Co.*, 67 Haw. 203, 210, 684 P.2d 960, 964 (1984) (quoting *Masaki v. Columbia Casualty Co.*, 48 Haw. 136, 141, 395 P.2d 927, 929 (1964)); *see also Lee v. Aetna Casualty & Surety Co.*, 178 F.2d 750, 752–53 (2d Cir.1949) (opinion of Judge Learned Hand). Additionally, courts must enforce the terms of the policy according to the reasonable expectations of the insured. *Id.* (citing

Keeton, Insurance Rights at Variance with Policy Provisions, 83 Harv.L.Rev. 961, 967 (1970)); *see also Okada v. MGIC Indem. Corp.*, 608 F.Supp. 383, 386–87 (D.Haw. 1985); *aff'd in part, rev'd in part*, 795 F.2d 1450 (9th Cir.1986). This standard of interpretation in favor of the insured is even more liberally applied when courts interpret the meaning of the policy's exclusions. For example, exclusions must specifically delete the challenged activity from coverage, *see, e.g., ADA Resources v. Don Chamblin & Associates*, 361 So.2d 1339 (La.App.1978); *Oil Base Inc. v. Continental Cas. Co.*, 271 Cal.App.2d 378, 384, 76 Cal.Rptr. 594, 598 (1969), and the challenged activity must be subject to "no other interpretation" than as falling within the policy's exclusions. *International Paper Co. v. Continental Cas. Co.*, 35 N.Y.2d 322, 325, 361 N.Y.S.2d 873, 876, 320 N.E.2d 619, 621 (1974).

The exclusions to the policy simply do not apply where the insured puts on a mortgage but subsequently obtains its removal prior to the time the policy is purchased. We interpret the exclusions to encompass defects, liens or encumbrances that exist at the time the policy is purchased. They do not include defects, liens or encumbrances that once existed but were removed prior to the purchase of the policy and are now of purely historic interest. This interpretation is consistent with the plain language of the contract as well as the reasonable expectations of the insured. Here, because, under the facts we

6. As we note *infra*, in order to hold the duty to defend inapplicable, a court must find that the only possible interpretation of the *conduct* at issue places it outside the policy's coverage. *See International Paper Co. v. Continental Cas. Co.*, 35 N.Y.2d 322, 325, 361 N.Y.S.2d 873, 876, 320 N.E.2d 619, 622 (1974). The basis for this rule is set forth in 7C Appleman, *Insurance Law and Practice* § 4684 at 83 (Berdal ed. 1979) as follows:

[C]onsidering the plasticity of modern pleadings, in many cases no one can determine whether the third party suit does or does not fall within the indemnification coverage of the policy until the suit itself is resolved. Therefore, the many cases, in which the court "found" ambiguity, were not dealing with ambiguity at all but with factual situations that

could not be resolved until the conclusion of the underlying tort action and often after the liability to pay became known. Hence the "ambiguity". Thus, to the extent that the question of duty to pay cannot be resolved until the conclusion of the trial the policy can be termed ambiguous. But the provision for defense of suits is useless and meaningless unless it is offered when the suit arises. To suggest that the insured must prove the insurer's obligation to pay before the insurer is required to provide a defense would make this provision a hollow promise and mean a return to the old indemnity contracts which is not within the contemplation of the parties ... The uncertainty in regard to payment is immaterial to the question of defense and thus the policy is not ambiguous.

must assume the mortgage was properly released and there was no encumbrance or lien on the property at the time the property was insured, the exceptions do not relieve Ticor Title of its duty to defend.

For the above reasons, we reverse the declaratory judgment granted by the district court and hold that Ticor Title has an obligation to defend American Resources in the various suits brought against it.[7]

REVERSED AND REMANDED.

WALLACE, Circuit Judge, concurring:

I join in Judge Reinhardt's opinion except for footnote 7, which is clearly dictum. Although it is appropriate to alert the district court to problems it should consider on remand, we should not decide the case for the district court when such a decision is obviously unnecessary to our holding.

---

**7.** Because the district court determined that Ticor did not have a duty to defend, it did not address the issue of Ticor's duty to indemnify for judgments awarded in the underlying actions. We note that none of the pending actions has yet determined whether and to what extent American Resources is liable to Thrift; it is therefore doubtful that there exists an actual controversy concerning Ticor Title's obligation to indemnify its insured. *See Societe de Conditionnement v. Hunter Engineering*, 655 F.2d 938, 943 (9th Cir.1981). In such instances, courts normally dismiss declaratory judgment actions, especially where the federal relief sought may hinge upon the outcome of state court actions. *See, e.g., Swedlow, Inc. v. Rohm & Haas Co.*, 455 F.2d 884, 886 (9th Cir.1972) (per curiam); *State Farm Mutual Insurance Co. v. Walker*, 382 F.2d 548, 551 (7th Cir.1967).